**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:  0:15-60334-CIV-DIMITROULEAS/SNOW**

JYLL BRINK, on her own behalf, and on behalf of
those similarly situated,

       Plaintiff,

v.

RAYMOND JAMES & ASSOCIATES, INC.,

       Defendant.

_____/

**DEFENDANT RAYMOND JAMES & ASSOCIATES, INC.'S**
**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Respectfully submitted by:

Samuel W. Braver, FBN 0539074
samuel.braver@bipc.com
G. Calvin Hayes, FBN 558702
calvin.hayes@bipc.com
Buchanan Ingersoll & Rooney PC
401 E. Jackson St., Suite 2400
Tampa, FL 33602
Tel:  (813) 222-8180
Fax:  (813) 222-8189
*Counsel for Raymond James & Associates, Inc.*

Defendant Raymond James & Associates, Inc. ("RJA"), pursuant to Rules 12(h)(3), 12(b)(1), and 12(g)(2) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's class claims action for lack of subject matter jurisdiction because the claims are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), 28 U.S.C. 78bb(f).

This case *purports* to be a class action grounded on the alleged breach of contract and/or negligence of RJA in connection with Plaintiff's investment account.

But the titles of Plaintiff's claims are nothing more than a smokescreen.  This case is *actually* about alleged omissions and misrepresentations by RJA in connection with the purchase and sale of covered securities.  Plaintiff's claims, when unmasked, reveal themselves to be fraud claims in disguise. And disguise is one of the running themes throughout Plaintiff's case:  she claims that RJA disguised the cost underlying the Processing Fees at issue, in turn resulting in what she terms a "disguised commission."  Under SLUSA, Plaintiff is precluded from bringing either of her claims on behalf of a class.  Her claims, insofar as they are brought on behalf of a class, thus should be dismissed with prejudice for lack of subject matter jurisdiction.

## I.     LEGAL STANDARD

SLUSA preemption is jurisdictional, and claims preempted under SLUSA must be dismissed.  This framework has been central to federal courts' analyses of SLUSA preemption in recent years.  *See Knopick v. UBS Fin. Servs., Inc.*, 121 F. Supp. 3d 444, 456 (E.D. Pa. 2015) (citing *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 135 n.9 (2d Cir. 2015)); *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 598 (S.D.N.Y. 2015) (concluding that "the SLUSA analysis is driven by a jurisdictional inquiry"); *Marchak v. JPMorgan Chase & Co.*, 84 F. Supp.

3d 197, 205 (E.D.N.Y. 2015); *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 254 (3d Cir. 2009)).[1]

It is critical to the SLUSA analysis that the Court looks to the heart of the claims. *Knopick*, 121 F. Supp. 3d at 456-57. "SLUSA requires our attention to both the pleadings and the *realities underlying the claims*." *Romano v. Kazacos*, 609 F.3d 512, 523 (2d Cir. 2010) (emphasis added). In considering a motion to dismiss based on SLUSA preemption, the Court is not limited to review of the Complaint itself. "A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists." *Marchak*, 84 F. Supp. 3d at 205; *see also Romano*, 609 F.3d at 520; *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

## II. ARGUMENT

### A. Ms. Brink's Class Claims Should Be Dismissed Because They Are Preempted By SLUSA.

The Court should dismiss Ms. Brink's class claims because this very type of putative class action is preempted by federal law. *See Broadhead Ltd. P'Ship v. Goldman, Sachs & Co.*, No. 2:06-cv-009, 2007 WL 951623 (E.D. Tex. Mar. 26, 2007) (finding SLUSA preempted state-

---

[1] Some courts have chosen to analyze SLUSA preemption as a defense instead of as a jurisdictional issue, but those courts seem to be in the minority, particularly in recent years. Even courts that at one time analyzed SLUSA preemption as a defense, such as the United States District Court for the Southern District of New York, now analyze it in the context of subject matter jurisdiction. *Compare LaSala v. Bank of Cyprus Public Co. Ltd.*, 510 F. Supp. 2d 246, 254 (S.D.N.Y. 2007) (noting that SLUSA preemption is jurisdictional in the removal context but is, otherwise, a defense); *with Anwar*, 118 F. Supp. 3d at 598 ("[T]he Court is persuaded that it should conduct its analysis of SLUSA preclusion under the standard for considering whether the existence of subject matter jurisdiction has been sufficiently demonstrated."). Nonetheless, there are a minority of courts who have found SLUSA preemption to be a defense as opposed to jurisdictional. *See, e.g.*, *Dixon v. ATI Ladish LLC*, 667 F.3d 891, 894 (7th Cir. 2012). The greater weight of current authority supports the view that SLUSA preemption is a jurisdictional issue that may be raised and examined at any time pursuant to Rule 12, subsections (g)(2) and (h)(3) of the Federal Rules of Civil Procedure.

law claims alleging breaches of fiduciary duties based on failure to disclose all fees and expenses charged to investors); *Dommert v. Raymond James Fin. Servs., Inc.*, No. 1:06-cv-102, 2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) (same).

SLUSA was Congress's response to creative lawyering and artful pleading: it authorized the removal and federal preemption of certain state court securities class actions. *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 298 (3d Cir. 2005). SLUSA expressly bars any "covered class action" from being brought under state law if the action alleges either:

> (A)     a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B)     that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1). Ms. Brink's action is barred by SLUSA because it (a) is a covered class action, (b) is based on Florida common law, (c) involves the purchase of one or more "covered securities," and (d) centers around purported misrepresentations and/or omissions by RJA in connection with the purchase or sale of those covered securities. *See Cordova v. Lehman Bros., Inc.*, 413 F. Supp. 2d 1309, 1315 (S.D. Fla. Jan. 17, 2006); *see also Sullivan v. Holland & Knight LLP*, No. 8:09-cv-531, 2010 WL 1558553, *1 (M.D. Fla. Mar. 31, 2010) (dismissing action as preempted by SLUSA).

The first three requirements for SLUSA preemption are hardly likely to be disputed by the Plaintiff. First, Ms. Brink has brought both of her claims on behalf of a putative class (*see, e.g.*, Compl., Doc. 1, ¶¶ 1, 17-27; *see also, generally*, Pl.'s Mot. for Class Cert, Doc. 47 (filed under seal)). Second, her claims are based on Florida common law (*see, e.g.*, Order, Doc. 27, at 5-7 (citing Florida cases and cases applying Florida law)). Third, trades made in Ms. Brink's account fall within the definition of "covered securities" under SLUSA. 15 U.S.C.

§ 78bb(f)(5)(E). Finally, the fourth requirement can be broken down into two distinct issues addressed in turn below: (i) that the action centers around purported misrepresentations and/or omissions by RJA, and (ii) that the misrepresentations/omissions were made in connection with the purchase or sale of the covered securities.

> **1.** **Ms. Brink's Action Focuses on Misrepresentations and/or Omissions Allegedly Made By RJA Regarding the Processing Fees, Resulting in a Purportedly "Disguised" Commission.**

Ms. Brink's Complaint alleges a claim for breach of contract and a claim for negligence. But there is more to this Complaint than meets the eye. Therefore, it is necessary to look beyond the mere face of the allegations. *See Marchak*, 84 F. Supp. 3d at 211 ("When determining whether SLUSA applies to bar a claim, courts may apply the 'artful pleading rule,' and are 'free to look beyond the face of the . . . complaints to determine whether they allege securities fraud in connection with the purchase or sale of covered securities.") (citing *Romano*, 609 F.3d at 520); *see also Cordova*, 413 F. Supp. 2d at 1319 (noting the importance of arriving at the "essence" of the claim to prevent artful drafting from circumventing SLUSA preemption).

At the core of Plaintiff's claims is the "Processing Fee" charged by RJA. (Compl. ¶¶ 1, 4-10, 18, 22-23, 38-42, 45, 49-53, 57-62.) She alleges that certain materials describe the Processing Fee one way (i.e., as defraying the expenses incurred in facilitating the execution and clearing of Plaintiff's transactions), but "in reality" did not operate this way. (*See* Compl. ¶¶ 32-47 (detailing the fees paid by customers who enroll in Passport Accounts; citing not only the Passport Agreement and Client Agreement but also the Raymond James Financial Services Advisors, Inc. Firm Brochure).)

Reading beyond the labels assigned to Plaintiff's claims and, instead, looking to the essence of the allegations, Plaintiff is alleging that RJA fraudulently concealed the actual cost of execution and clearing portfolio transactions. (*See* Compl. ¶¶ 5-7.) Further, Plaintiff is alleging

that the result of this fraudulent concealment is an improper commission – an "unauthorized commission" that RJA allegedly "disguised" in the form of its Processing Fees.  (*See* Compl. ¶¶ 29, 42.)  In other words, Plaintiff allegedly expected a "commission free" account but found herself enrolled in an account that, through its Processing Fees, paid unauthorized commissions. (Compl. ¶¶ 1-7 (distinguishing between commission free accounts and commission-based accounts); 29, 31, 35, 38-44, 62.)

Plaintiff's testimony bears out this veiled theory when she states that she had agreed to "[n]o other hidden commissions, no other hidden costs for anybody else" (Brink 63:12-14) and, in explaining her complaint, that "***I think there are hidden commissions in these fees***" (72:3-4 (emphasis added)).  (*See also* Brink 73:25 (as further explanation of her claims, stating "I feel there were hidden commissions and there were hidden costs in there").)  When asked, point blank, about the basis of her case, Ms. Brink responded that "there's negligence due to ***hidden commissions, hidden fees***."  (Brink 139:5-6 (emphasis added).)

When deposing RJA's expert Dennis Ferguson, Plaintiff's counsel focused on Plaintiff's commissions-disguised-as-fees theory:

> Q:     This [Passport Account] is advertised as or touted by [RJA] as a fee-based account, is it not?
>
> A:     . . . [I]n my description of a genre of accounts is a fee-based account.  It's described, as presented to potential clients as a fee-based account.
>
> Q:     In fact, that presentation includes representations that there's not going to be a commission charged for every transaction made; is that fair?
>
> A:     In this particular instance, that's correct.

(Ferguson 37:17-38:2.)  Counsel further delved in to the commissions-disguised-as-fees theory:

> Q:     If Raymond James built in that profit to the processing fee that you agreed would be additional transaction-based remuneration, would you further agree that that additional transaction-based remuneration is a commission?

A:    No.

Q:    Why not?

A:    Because it isn't.

Q:    Why not?

A:    Because.  Because the commission is again a term used in the industry to differentiate in one respect the difference between a commission account and a fee-based account as one example.  . . .

Q:    . . . [H]ow is [the processing fee] any different than a commission?

(Ferguson 105:11-107:23.)  Counsel also inquired about the lack of "disclosure to its customers" in connection with Plaintiff's "commissions-disguised-as-fees" theory and tied this together with Plaintiff's allegations that RJA failed to make disclosures regarding the Processing Fee:

Q:    [I]t would be unjust and inequitable if Raymond James was charging a profit without any disclosure to its customers, correct?  . . .

          [I]f they mislabeled the processing fee to cover the cost of execution and clearing, . . . they would be in violation?

(Ferguson 110:16-111:5.)

Ms. Brink's claims would not be the first of their kind to be preempted by SLUSA. Other courts have found SLUSA preempted claims involving hidden, undisclosed fees.   In *Spencer v. Wachovia Bank, N.A.*, No. 05-cv-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006), the Court added emphasis to the following buzzwords used in the plaintiff's claims that, according to the plaintiff, were not based in fraud:  "***failed to fully and adequately disclose***," "***conceal***," "***the reality is***," "***secret***," "***covered-up***," "***disclosing***," and "***in disguise***."  *Id*. at *4 (bold emphasis added) (dismissing class-wide claims based on SLUSA preemption).  *See also Broadhead*, 2007 WL 951623 at *5 (finding that, despite the surface of plaintiff's allegations, the claims centered on the financial institution's "failure to disclose fees associated with bond purchases and sales").

As discussed above, these same concepts and even some of the same terms lie at the heart of Ms. Brink's class claims.   (*See* Compl. ¶¶ 29, 42; Ferguson 37:17-38:2; 105:11-107:23; 110:16-111:5.)   Ms. Brink herself repeatedly emphasizes the allegedly "hidden fees" that lie at the heart of her case. (Brink  63:14, 72:4, 73:24-25, 123:18, 139:6.)   She cannot now mask the true nature of her claims behind non-fraud-based causes of action.   At their core, Plaintiff's class claims are grounded in purportedly fraudulent conduct.   As such, they should be dismissed.

### 2.   The Purportedly Fraudulent Conduct Would Have Occurred "In Connection With" the Purchase or Sale of a Covered Security.

Courts repeatedly emphasize the "broad interpretation to be afforded" the final requirement of SLUSA preclusion – that the purported fraudulent conduct occur "in connection with" the purchase or sale of a covered security.  *See Sullivan*, 2010 WL 1558553 at *3 (citing *Instituto de Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1349 (11th Cir. 2008)).   In *Instituto*, the Eleventh Circuit explained that SLUSA's "in connect with the purchase or sale" language "should be construed not technically and restrictively, but flexibly to effectuate its remedial purposes."  *Instituto*, 546 F.3d at 1348 (quoting *SEC v. Zandford*, 535 U.S. 813, 819 (2002)). "The 'in connection with' requirement is satisfied when an alleged fraud was 'material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security'. . . ."  *Marchak*, 84 F. Supp. 3d at 214.   "The key is whether the plaintiff tried to take some interest, even if indirect, in a covered security as a result of the misrepresentation."  *Id.*

Ms. Brink's claims fall well within the liberal scope of SLUSA's "in connection with" requirement.   The Processing Fees cover execution and clearing, which refers to the process of executing a securities transaction, clearing the securities transaction, and settling the securities transaction.  (*See* Ferguson 42:2-5; *see also, generally*, Ferguson pp. 42-48.)

In Mr. Ferguson's deposition, Plaintiff's counsel explores the execution, clearing, and settlement of a transaction involving covered securities using a hypothetical example of purchasing 100 shares of Microsoft.  (Ferguson pp. 43-47.)

Mr. Ferguson explains in-depth the step-by-step processes that must occur in order for that purchase to be "executed," including:

- The broker inputs the particulars of the trade into a computer system (44:3-6);

- The order is transmitted to a routing matrix (44:7-21);

- Through the routing matrix, the order is sent to, e.g., the New York Stock Exchange (44:22-24);

- To the extent there is a limit on the order, the limit order is held or "parked" on the floor of the stock exchange with a specialist, in which case a match would occur when the stock comes down to that limit, resulting in an execution (45:1-9);

- Or, if there is no limit, then the prevailing market rate is applied and the market order matches, resulting in an execution (45:10-14); and

- A report of the execution is delivered via wire to the broker's desk (45:15-18).

As for "clearing," which is another service covered by the Processing Fee, Mr. Ferguson explained the additional steps, including determining the counter-party who agreed to sell the security (47:2-15), which, in most cases, is done through an agency called Depository Trust Clearing Corporation ("DTCC") (47:16-18:5).

And while Plaintiff's expert disagrees with certain findings made by RJA's expert, such as the cost to execute and clear a trade, his summary of execution and clearing is in harmony with Mr. Ferguson's.  (*See* Carasick 118:9-119:4 (noting that execution and clearing – which are covered by the Processing Fee, involve a step-by-step process on the buyer's side, the seller's side, and the clearing firm).)

What matters for purposes of SLUSA preemption is that the execution and clearing is necessarily bound up with the purchase of the covered security.  And the Processing Fee is a fee

that exists for the purpose of covering execution and clearing costs.  While the parties may dispute what the appropriate fee and/or cost *amount* should be, there can be no dispute that the Processing Fee covers these execution and clearing costs, which in turn are "in connection with" the purchase of covered securities.

The alleged misrepresentations and omissions regarding the Processing Fees and the purported "disguised commissions" resulting from the fees were made "in connection with" Ms. Brink's purchases of covered securities.  Thus, Ms. Brink's class claims are preempted by SLUSA and should be dismissed.

## III.   CONCLUSION

WHEREFORE, Defendant Raymond James & Associates, Inc. respectfully moves the Court to dismiss Plaintiff's class claims with prejudice for lack of subject matter jurisdiction pursuant to Rules 12(h)(3), 12(b)(1), and 12(g)(2) of the Federal Rules of Civil Procedure, with their costs of this action and such other relief as justice may require.

Date: <u>May 9, 2016</u>                               Respectfully submitted,

By: <u>/s/  G. Calvin Hayes</u>
Samuel W. Braver, FBN 0539074
samuel.braver@bipc.com
G. Calvin Hayes, FBN 558702
calvin.hayes@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson St., Suite 2400
Tampa, FL 33602
Tel:  (813) 222-8180
Fax:  (813) 222-8189
*Counsel for Raymond James & Associates, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify that** a true and correct copy of the foregoing was served by CM/ECF on

May 9, 2016, on all counsel of record listed on the Service List below.

By: <u>/s/  G. Calvin Hayes</u>
Samuel W. Braver, FBN 0539074
<u>samuel.braver@bipc.com</u>
G. Calvin Hayes, FBN 558702
<u>calvin.hayes@bipc.com</u>
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson St., Suite 2400
Tampa, FL 33602
Tel:  (813) 222-8180
Fax:  (813) 222-8189
*Counsel for Raymond James & Associates, Inc.*

### <u>SERVICE LIST</u>

Lyle E. Shapiro
<u>lshapiro@richmangreer.com</u>
Eric M. Sodhi
<u>esodhi@richmangreer.com</u>
Joshua L. Spoont
<u>jspoont@richmangreer.com</u>
RICHMAN GREER, P.A.
396 Alhambra Circle
North Tower, 14th Floor
Miami, FL 33134
*Counsel for Plaintiff Jyll Brink*

Darren Blum
<u>blum@stockattorneys.com</u>
BLUM LAW GROUP
110 E. Broward Blvd., Suite 1700
Ft. Lauderdale, FL 33301
*Counsel for Plaintiff Jyll Brink*

Randall C. Place
<u>randall_place@placeandhanley.com</u>
Sara E. Hanley
<u>sara_hanley@placeandhanley.com</u>
PLACE AND HANLEY, PLLC
1415 Panther Lane
Naples, FL 34109
*Counsel for Plaintiff Jyll Brink*