UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60334-CIV-DIMITROULEAS

JYLL BRINK, on her own behalf,
and on behalf of those similarly situated,

    Plaintiff,

vs.

RAYMOND JAMES & ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

THIS CAUSE is before the Court upon Plaintiff Jyll Brink ("Brink" or "Plaintiff")'s Motion for Class Certification, and to Appoint Class Representative and Class Counsel. [DE 45/47]. The Court has carefully considered the Motion, Defendant Raymond James & Associates, Inc. ("Defendant" or "RJA")'s Response [DE 61/63], Plaintiff's Reply [DE 76/78], the evidence submitted in the record, arguments by counsel at the October 19, 2018 hearing, and is otherwise fully advised in the premises.

### I.   BACKGROUND

On February 17, 2015, Plaintiff Jyll Brink, on her own behalf and on behalf of those similarly situated (collectively, the "Customers" or "putative Class Members"), filed the instant action against Defendant RJA. A First Amended Class Action Complaint was filed on September 18, 2018. *See* [DE 124]. Plaintiff asserts that RJA Customers were charged an unauthorized and unreasonable "Processing Fee," sometimes labelled as a "Misc. Fee," by RJA

when it executed trades for these Customers in their "Passport Investment Account Program" (hereinafter the "Passport Account") – RJA's commission free based account.  Plaintiff claims that, despite the fact that the Passport Agreement expressly provides that "Processing Fees are not commissions," in fact, "the Processing Fee charged by Raymond James contained up to a 1000% mark-up for profit in some instances (and a significant mark-up in all instances), and as such, was transaction based remuneration to Raymond James – an unauthorized commission in an account that is supposed to be commission free." *See* [DE 124].

Plaintiff alleges two claims against RJA pertaining to the processing fee:  a claim for breach of contract (Count I) and a claim for negligence (Count II).

Defendant moved for summary judgment as to both claims.  Defendant argued that Plaintiff's claims for breach of contract and negligence fail under Florida's voluntary payment doctrine because Plaintiff voluntarily, and without protest, paid RJA the Processing Fees at issue.  Defendant also argued that Plaintiff's negligence claim fails because it is actually a claim under a private exchange rule that does not grant a private right of action.  After oral argument, the Court entered an Order Denying Defendant's Motion for Summary Judgment on October 10, 2018. *See* [DE 130].  Trial is set for the period commencing on April 15, 2019. *See* [DE 119].

The Court now turns to Plaintiff's motion for class certification.  In the instant Motion, Plaintiff seeks class certification and appointment of class counsel under Fed. R. Civ. P. 23(a), (b)(3), and (g).

## II.   STANDARD OF REVIEW

In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992).  A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Rule

23 have been met. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). Although a district court is not to determine the merits of a case at the certification stage, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 1570 n.11 (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982)). A court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 577 (M.D. Fla. 2006). Therefore, "before a district court determines the efficacy of class certification, it may be required to make an informed assessment of the parties' evidence. That a trial court does so does not mean that it has erroneously 'reached the merits' of the litigation." *Cooper v. S. Co.*, 390 F.3d 695, 712-713 (11th Cir.2004) (quoting *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 722 (11th Cir. 1987)).

Parties seeking class action certification must satisfy the four requirements of Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Specifically, the four requirements of Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The party moving for class certification bears the burden of establishing each element of Rule 23(a). *London v. Wal-Mart Stores*, 340 F.3d 1246, 1253 (11th Cir. 2003). If the party seeking class certification fails to demonstrate any single requirement, then the case may not continue as a class action. *Jones v. Roy*, 202 F.R.D. 658, 662 (M.D. Ala. 2001).

If the plaintiff satisfies the requirements of Rule 23(a), it must also satisfy one of the three subsections of Rule 23(b). *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). Rule 23(b)(3)—the provision on which Plaintiffs rely—"permits class certification if 'the court finds that the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy.'" *Little v. T-Mobile, USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting Fed. R. Civ. P. 23(b)(3)) (emphasis in original).

The moving party "must affirmatively demonstrate his compliance" with the class certification requirements. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, (2011)). That is, "a party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016).

For the reasons discussed below, the Court is satisfied that the requirements for a class action have been met.

### III. DISCUSSION

Plaintiff seeks certification of the following class:

All former and current Customers of Raymond James and Associates, Inc. ("RJA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time (a) within 4 years preceding the filing of this lawsuit for the negligence count; and/or (b) within 5 years of

4

> filing this lawsuit for the breach of contract count (the "Class Period").
> Excluded from the Class are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

[DE 47] at p. 1.  Alternatively, and in response to Defendant's opposition to class certification, Plaintiff proposes certification of a more narrow class by amending the exclusion paragraph in the class definition as follows:

> Excluded from the Class are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, **any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades**, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

[DE 78] at p. 6 (emphasis added).

For the following reasons, the Court finds that class certification of the more narrowly defined proposed class is warranted under Rule 23(a) and Rule 23(b)(3).  In addition, the Court grants the request to appoint class counsel under Rule 23(g).

A.   Ascertainability

Ascertainability is an implicit requirement under Rule 23. *Ward v. EZCorp, Inc.*, 679 F. App'x 987 (11th Cir. 2017).  "Before considering Rule 23's explicit requirements, the Court must determine whether the proposed class has been adequately defined and is ascertainable." *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV, 2018 WL 3145807, at *9 (S.D. Fla. June 26, 2018) (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).  Ascertainability means that Plaintiff will be able to identify the class members by reference to objective criteria in an administratively feasible way. *See Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 947 (11th Cir. 2015).

In this case, Plaintiff asserts that the identities of and damages suffered by each Class Member is easily ascertainable through an analysis of RJA's records. Plaintiff explains that RJA maintains possession, custody or control over detailed Excel spreadsheets which show every transaction that RJA has charged a Processing Fee on. For every transaction, this spreadsheet shows, *inter alia*, the customer's account number, the date of the transaction, and the Processing Fee charged to the customer. Plaintiff submits that, using these spreadsheets, Plaintiff can perform the ministerial task of identifying each qualifying transaction (i.e., where a Processing Fee was charged) and calculating the damages. Moreover, Plaintiff asserts that the fact that RJA maintains these records in spreadsheet-ready format – where data can be easily sorted, filtered, and calculated – further simplifies the task.

In response, Defendant argues that the class is not ascertainable because not all of the Passport Account holders actually paid a Processing Fee in whole or in part on all of the trades they made in their Passport Accounts. Defendant cites to affidavits of four RJA financial advisors who stated that they agreed to absorb their clients processing fees. Defendant contends that, despite the data on the RJA spreadsheets stating whether it was the client or advisor who paid the Processing Fee, it is impossible to readily ascertain from the RJA spreadsheets with certainty which clients actually paid Processing Fees without conducting a transaction-by-transaction review as well as what amount those clients paid. Defendant relies on the Affidavit of an RJA Vice President Theresa Giachino in support of this position. *See* Giachino Aff. [DE 63-7] at ¶¶ 6-9. Therefore Defendant argues that Plaintiff has put forth no streamlined method to identify the putative class members she seeks to represent.

In reply, Plaintiff argues that the class is easily ascertainable and has already been ascertained. Plaintiff contends that Ms. Giachino's affidavit contradicts her previous testimony

6

that, by and large, the Trades Spreadsheet accurately reflects who paid the Processing Fee at issue – the client or the Advisor. *See* Giachino Dep. [DE 47-25] at 60:18-61:10.  Plaintiff emphasizes that the Trades Spreadsheet produced by RJA is highly detailed and contains the particulars for every one of the 1,000,000+ Passport Account trades that were executed and cleared during the Class Period.  Plaintiff argues that the Trades Spreadsheet show that from the start of the Class Period through March 31, 2015, RJA executed and cleared over 1,006,000 Passport Account trades for approximately 58,610 Passport Account holders. *See* Declaration of Joshua L. Spoont, Esq. [DE 78-1].  Plaintiff submits that the data is simple to interpret, and in its spreadsheet format, easy to sort, find and manipulate.  Nearly 94% of the time (or 945,598 trades), the Class Members were responsible for paying the entire Processing Fee on fee-eligible trades, without any discount or absorption by their financial advisor.  On the other hand, the financial advisor was designated to pay all or part of the Processing Fee in just 60,848 instances. *Id.*  Out of the 58,610 Passport Account holders, only around 2,800 of them (4.8%) received such assistance.  Plaintiff states that the Trade Spreadsheet provides all the proof needed to addresses these aberrations; it is as simple as sorting the transactions according to who paid the Processing Fee.  Additionally, Plaintiff argues that in any event, RJA does not argue that it is impossible to reach complete accuracy on the Trades Spreadsheet, just that it would be time consuming to do so, which is not a basis to deny class certification. *See Arlington Video Prods., Inc. v. Fifth Third Bancorp*, 515 F. App'x 426, 441 (6th Cir. 2013), *cert. granted, judgment vacated on other grounds*, 571 U.S. 801 (2013) ("Moreover, the size of a potential class and the need to review data concerning individual class members are not reasons to deny class certification.  Otherwise, large corporations effectively would be immune from many class actions simply due to the large number of customers who may have been harmed.").

Based upon the Court's review of the parties' submissions, the Court agrees with Plaintiff that the concerns Defendant raises over ascertainabilty are resolved by excluding from the certified class the account holders for the 2,755 accounts were designated as accounts where the financial advisor paid for the Processing Fee and the account holders of the 57 accounts where the customer paid some, but less than 100%, of the Processing Fee.  Thus, under the slightly narrow class definition proffered by Plaintiff, the class is ascertainable.

The Court turns to the explicit requirements of Rule 23(a).

B.      Rule 23(a)

   1.      Numerosity

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). Therefore, "[a] plaintiff must present some evidence that the class to be certified will satisfy the numerosity requirement of Rule 23." *Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 672 (S.D. Fla. 2012).  With respect to this requirement, "[t]he Eleventh Circuit has held that '[g]enerally, less than twenty-one is inadequate, more than forty adequate.'" *Cheny v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).  Thus, the "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.*, 231 F.R.D.

8

632, 665 (S.D. Ala. 2005) (citing *Bacon v. Honda of Amer. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)).

Plaintiff submits that she has easily satisfied the numerosity requirement, having identified tens of thousands of class members, close to 60,000. Plaintiff points to the data produced by Defendant in the form of the Trades Spreadsheet, in support of numerosity being met. In opposition to class certification, Defendant attacks numerosity by attacking the underlying theory of Plaintiff's claim. Defendant argues that Plaintiff's claims and the purported class members claims fail and therefore no class members suffered any loss so numerosity has not been met. Plaintiff replies that RJA's argument is misplaced, as "the office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013). The Court agrees. That Defendant challenges Plaintiff's claim on the merits as to every putative class member does not defeat Plaintiff's showing of numerosity.

    2.    <u>Commonality</u>

The next requirement is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This part of the rule does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact predominate over individual issues." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotations and citation omitted). Rather, "[c]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).

To that end, the Supreme Court has held that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S.Ct. at 2551. The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D. Fla. 2004); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004); *In re AmeriFirst Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991). However, "a class action must involve issues that are susceptible to class-wide proof." *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004) (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001)). That said, "[w]hat matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S.Ct. at 2551 (quotation omitted). That is, commonality requires a common question capable of common resolution. *See, e.g., Manno*, 289 F.R.D. at 685. "Plaintiffs face a 'low hurdle' in bearing this 'light' burden, as commonality 'does not require that all questions of law and fact raised be common.'" *Alhassid v. Bank of America, N.A.*, 307 F.R.D. 684 (S.D. Fla. 2015) (quoting *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009); *Vega*, 564 F.3d at 1268).

Plaintiff has identified several issues that can be productively litigated at once in order to prove the claims of the putative class members, thus satisfying the commonality requirement. *See Dukes*, 131 S.Ct. at 2551. The Court has already determined in this case that RJA was contractually prohibited from charging a *de facto* per-transaction commission to customers who specifically opted to trade in RJA's commission-free Passport Accounts. *See* [DE 27] at pp. 5-6. Plaintiff submits, *inter alia*, that the operative language in the Passport Agreement has remained the same since its inception in the early 1990's and throughout the Class Period in terms of its

10

description of the nature and purpose of the Processing Fee at issue here; that RJA's imposition of the Processing Fees was part of a standardized course of conduct which affected all Class Members, and that, under either theory of liability (negligence or breach of contract), there are questions of fact law and fact common to the class as to whether RJA's Processing Fees were excessive, unreasonable and in violation of the Passport Agreement.  The Court agrees that these issues are central to Defendant's liability, and that resolution of these issues will affect all members of the putative class.

      The Court rejects Defendant's argument that class certification is inappropriate due to Defendant's assertion that each of the million plus transactions must be scrutinized individually. Plaintiff has proffered a uniform methodology applying simple arithmetic to RJA's records and Clearing Schedules to determine the difference between each Processing Fee charged (as reflected in RJA's records) and the cost to execute and clear those trades (as reflected on RJA's Clearing Schedules), which methodology can be applied across the entire class. *See Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 672 (S.D. Fla. 2012), *modified on reconsideration sub nom. Willaims v. Wells Fargo Fin. Servs., Inc.*, No. 11-21233-CIV, 2012 WL 12865256 (S.D. Fla. July 25, 2012) ("Here, the ultimate question of liability is whether the force-placed insurance premiums charged to homeowners were unlawfully inflated and excessive. If they were, that same answer will apply to every plaintiff in the class.").  That Defendant disagrees with the Plaintiff's theory of the case does not defeat commonality.  *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 676 (S.D. Fla. 2007), upon which Defendant heavily relies, is readily distinguishable.  There, unlike here, the contract the patients signed for services had an "open pricing term," the putative class members did not receive the same healthcare services from the defendant hospital, and some patients got discounts and write-offs *Id.* at pp. 676-77.  Therefore

under the theory of that case, that the uninsured patients' bills were unreasonable compared to the market rate for the same services at other hospitals, would have required little common inquiry or evidence. *Id.* Moreover, in this case, the resolution of the common questions has the capacity to generate common answers apt to drive the resolution of the classwide litigation. *See Dukes*, 131 S.Ct. at 2551. Accordingly, the Court finds that Plaintiff has satisfied Rule 23(a)(2)'s commonality requirement.

      3.      <u>Typicality</u>

The next requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality . . . does not require identical claims or defenses." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Rather, typicality "is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id. See also Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216-17 (11th Cir. 2012).

Defendant does not challenge typicality. Moreover, Plaintiff has satisfied this requirement. Plaintiff's claims are typical of claims of other putative class members because they all signed the same Passport Agreements and they all suffered the same alleged injury as a result of Defendant's conduct, namely, that RJA charged them a Processing fee that included an undisclosed profit in violation of the terms of the Passport Agreement and the duty of care due to them by their broker-dealer. The injury common to the Plaintiff and the class relies on the same legal and factual theories of liability. Therefore, Plaintiff satisfies the typicality requirement.

        4.     <u>Adequacy</u>

The final requirement under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "[T]his requirement applies to both the named plaintiff and counsel," and "the requirement's purpose is to protect the legal rights of absent class members." *London*, 340 F.3d at 1253 (internal quotations omitted). Additionally, this requirement is meant "to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* (internal quotations omitted).

Defendant does not challenge adequacy and has not offered evidence to negate Plaintiff or her counsel's adequacy. Moreover, Plaintiff and her counsel satisfy this requirement. There do not appear to be any conflicts of interest between Plaintiff and the putative class. Further, the Court finds Plaintiff's counsel qualified pursuant to Rule 23(g)(1) to represent the putative class. Plaintiff's counsel has sufficient experience with class actions and complex litigation. Therefore, Plaintiff and counsel satisfy the adequacy requirement.

C.    Rule 23(b)(3)

In addition to meeting the requirements under Rule 23(a), parties seeking class certification must also satisfy one of the subsections of Rule 23(b). *Rosen v. J.M. Auto, Inc.*, 270 F.R.D. 675, 678 (S.D. Fla. 2009). Here, Plaintiff asserts that certification is appropriate under Rule 23(b)(3). "Class certification under Rule 23(b)(3) is appropriate when (1) 'questions of law or fact common to the members of the class predominate over any questions affecting only individuals members,' and when (2) 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). The Court will consider each requirement in turn.

1.      Predominance

Under this factor, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). "Issues that are subject to generalized proof and applicable to the whole class must predominate over the issues involving individualized proof." *Rosen*, 270 F.R.D. at 681 (citing *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.1989)). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000). Moreover, "the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003).

The Court agrees with Plaintiff that common issues of law and fact that are susceptible to common proof, *see supra,* predominate over any issues that may be subject to individualized proof. Plaintiff seeks to prove that there can be no undisclosed mark-up or profit on a Processing Fee, and that she and the class overpaid on RJA's Processing Fees as a result. The Court has already determined in this case that RJA was contractually prohibited from charging a *de facto* per-transaction commission to customers who specifically opted to trade in RJA's commission-free Passport Accounts. *See* [DE 27] at pp. 5-6. Thus, the main issue that Plaintiff and the class will need to prove at trial to prevail in this litigation is whether RJA charged a Processing Fee that is a *de facto* undisclosed commission by charging an amount that exceeded its actual costs in executing and clearing transactions. As set forth *supra*, the relevant evidence required to establish Plaintiff's claims on these issues is common to all class members.

Defendant contends that individualized damages defeat predominance. The Court finds Defendant's arguments unpersuasive. "The 'black letter rule' recognized in every circuit is that 'individual damage calculations generally do not defeat a finding that common issues predominate.' " *Brown v. Electrolux Home Prod., Inc.*, 817 F.3d 1225, 1239 (11th Cir. 2016) Neither of the exceptions to the rule apply here, as computing damages will not be "so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable," nor are individual damages accompanied here by "significant individualized questions going to liability." *Id.* (citations omitted).

Plaintiff has proffered a uniform methodology for identifying each class member and for calculating each class member's damages that can be applied ministerially and formulaically across the entire class using RJA's detailed Excel spreadsheets which show *inter alia*, the customer's account number, the date of the transaction, and the Processing Fee charged to the customer, and comparing the Processing Fee charged against the costs per trade in RJA's Clearing Schedule derived from its CAM model or RJA's New Cost Study (depending on who the trier of fact agrees with). Plaintiff further introduces evidence that RJA's spreadsheet data can be easily sorted, filtered, and calculated, further simplifying the task. *See e.g., Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1310 (11th Cir. 2008) (suggesting class treatment appropriate where plaintiffs contended that damages could be determined "with relative ease through basic forensic accounting" using the defendant's own data). The need for individual damages calculations in this case does not defeat a finding of predominance. The common legal and factual issues identified in this case are significantly more substantial than the individualized damages issue emphasized by Defendant. Thus, the Court finds that the predominance factor under Rule 23(b)(3) is satisfied.

2. <u>Superiority</u>

Rule 23(b)(3) requires that

> a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:(A) the class members' interests in individually controlling the prosecution or defense of separate actions;(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23

This factor is closely linked to the predominance factor "because when common issues predominate over individual issues, a class action lawsuit becomes more desirable as a vehicle for adjudicating the plaintiffs' claims." *Nelson*, 270 F.R.D. at 698 (citing *Klay*, 382 F.3d at 1269).

Plaintiff cites several reasons why a class action is the most desirable vehicle to adjudicate the claims, including that all claims can be resolved in the aggregate in an economically advantageous manner, that she is unaware of any other lawsuits being prosecuted by class members, that this Court has already handled pretrial motions and understands the issues in this case, and that this single class is more manageable and efficient than the prosecution of potentially thousands of individual actions. Defendant's argument to the contrary is merely a reassertion of its argument that individualized issues predominate, which the Court has rejected. *See supra.* Further, the Court notes that the average claim of each class member is relatively small when compared to the cost of litigating a breach of contract and negligence case against a large company. The Court finds that class certification is superior to other methods for adjudicating this controversy and that the class action is manageable.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 45/47] is **GRANTED**;

2. The Court hereby certifies a class (the "Class") pursuant to Fed. R. Civ. P. 23(b)(3) consisting of the following:

All former and current Customers of Raymond James and Associates, Inc. ("RJA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time (a) within 4 years preceding the filing of this lawsuit for the negligence count; and/or (b) within 5 years of filing this lawsuit for the breach of contract count (the "Class Period"). Excluded from the Class are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

3. Jyll Brink is hereby certified as representative of the Class;

4. Richman Greer, P.A., Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A. are hereby certified as Class Counsel pursuant to Rule 23(g)(1).

5. On or before **November 5, 2018**, the parties shall jointly file for approval by the Court a proposed notice to Class members; alternatively, if the parties cannot agree on a proposed notice, Plaintiff shall file a proposed notice on or before **November 5, 2018**, and Defendant shall file any objections within three (3) days of the filing of Plaintiff's proposed notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of October, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record