## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CONSOLIDATED ACTION

JYLL BRINK, on her own behalf,
and on behalf of those similarly situated,

        Plaintiff,

        v.

RAYMOND JAMES & ASSOCIATES, INC.,

        Defendant.

_____/

CASE NO.: 15-60334-CIV-DIMITROULEAS

CALEB WISTAR and ERNEST MAYEAUX,
on their own behalf, and on behalf of those
similarly situated,

        Plaintiffs,

        v.

RAYMOND JAMES FINANCIAL
SERVICES, INC., and RAYMOND JAMES
FINANCIAL SERVICES ADVISORS, INC.,

        Defendants.

_____/

CASE NO.: 16-60284-CIV-DIMITROULEAS

### <u>STIPULATION OF SETTLEMENT</u>

      This Stipulation of Settlement is made and entered into (1) by and among Jyll Brink ("Brink") on behalf of herself and each of the Settlement Class Members, by and through Class Counsel authorized to settle the Brink Litigation on their behalf, and Raymond James and Associates, Inc. ("RJA") by and through their counsel of record in the Brink Litigation; and (2) into by and among Caleb Wistar ("Wistar") and Ernest Mayeaux ("Mayeaux"), on behalf of themselves and each of the Settlement Class Members, by and through Class Counsel authorized to settle the Wistar Litigation on their behalf, and Defendant Raymond James Financial Services, Inc. ("RJFS") and Raymond James Financial Services Advisors, Inc. ("RJFSA"), by and through their counsel of record in the Wistar Litigation.

This Stipulation states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Southern District of Florida (the "Court"). Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

### A. The Action

This Stipulation of Settlement reflects a global settlement entered into by the Parties to resolve two class actions filed in the United States District Court for the Southern District of Florida: *Brink v. Raymond James and Associates, Inc.*, 0:15-cv-60334 (S.D. Fl. filed Feb. 17, 2016) (the "Brink Case"); and *Wistar v. Raymond James Financial Services, Inc.*, Case No. 0:16-cv-60284 (S.D. Fl. filed Feb. 11, 2016) (the "Wistar Case," and together with the Brink Case, the "Actions").

### 1. The Brink Case

On February 17, 2015, Brink, on behalf of herself and all others similarly situated, filed a class action complaint in the Fort Lauderdale Division of this Court, asserting separate claims for negligence and breach of contract against RJA. The class action complaint (which was amended to cure jurisdictional deficiencies) alleges that RJA charged Brink, as a Passport Account Holder, Processing Fees that were far in excess of the actual cost of RJA's execution and clearing of transactions involving the purchase or sale of securities, resulting in Brink paying what was tantamount to hidden or disguised commissions to RJA.

Throughout the Brink Case, the Parties engaged in extensive discovery, including the production and review of hundreds of thousands of pages of documents from themselves and

third parties; retained experts and other consultants who performed extensive work; obtained reports from the expert witnesses; and conducted depositions of the Parties and their expert witnesses.  Additionally, the Parties engaged in extensive and vigorously contested briefing and hearings on several motions to dismiss, including an appeal and oral argument before the Court of Appeals for the Eleventh Circuit regarding subject matter jurisdiction, RJA's motion for summary judgment, and Brink's motion for class certification, which also involved an appeal to the Court of Appeals for the Eleventh Circuit, which is currently pending.

### 2.  The Wistar Case

On February 11, 2016, Wistar and Mayeaux, on behalf of themselves and all others similarly situated, filed a class action complaint in the Miami Division of this Court, asserting a claim for breach of contract against RFJSA and a claim for negligence against RJFS.  The class action complaint was twice amended: first, to add to a breach of contract claim against RJFS; and second, to cure jurisdictional deficiencies within the pleading.  Similar to the Brink Case, the class action complaint alleges that RJFS and RJFSA charged Wistar and Mayeaux, as Passport Account Holders, Processing Fees that were far in excess of the actual cost of RJFS and RFJSA's execution and clearing of transactions involving the purchase or sale of securities, resulting in Wistar and Mayeaux paying what was tantamount to hidden or disguised commissions to RJFS and RFJSA.

Throughout the Wistar Case, the Parties engaged in extensive and vigorously contested briefing on several motions to dismiss, and they otherwise engaged in extensive discovery, including the production and review of documents both from and independent of the Brink Case.

The Parties also engaged in extensive settlement negotiations, including one in person mediation session conducted by mediator Joel Levine, and two full days of in person mediation sessions with mediator Glenn J. Waldman.  As a result of these mediation sessions, the Parties

reached an agreement to settle the Actions for the sum of $15,000,000.00, along with the protocol to accomplish that Settlement which the Parties believe is a fair and reasonable resolution of the dispute, and all of which is subject to Court approval.

### B.  Raymond James' Denial of Wrongdoing and Liability

Throughout the course of the Actions, Raymond James has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Actions.  Raymond James has also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions.

Raymond James enters into this Stipulation to eliminate the uncertainties, burden and expense of further litigation.  Nothing in this Stipulation shall be construed as an admission by either Raymond James or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever, or as an admission that the claims against them can be pursued as a class action except for the purposes of this Settlement.

### C.  Claims of Plaintiffs and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Actions have merit.  Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against Raymond James through trial and appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation.  In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the claims asserted in the Action, including the defenses asserted by Raymond James during the litigation, settlement negotiations and mediation proceedings, as well as the likelihood that RJA could prevail in its class certification appeal.  Plaintiffs have therefore determined that the Settlement set forth in

4

this Stipulation is fair, adequate, reasonable, and in the best interest of the intended Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,**

By and among Lead Plaintiffs, on behalf of themselves and on behalf of the intended Settlement Class, and Raymond James, by and through their respective undersigned counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled, and released, and the Actions shall be dismissed with prejudice as to all Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

1. **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation shall have the meanings specified below.

1.1 "Actions" collectively refers to the Brink Case and the Wistar Case.

1.2 "Administrative Costs" means the reasonable costs and expenses associated with providing notices of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees. For purposes of the Brink Subclass, "Administrative Costs" shall also include the reimbursement of the reasonable costs and expenses incurred in connection with providing the Notice of Certification of Class Action to the Brink Subclass.

5

1.3     "Allocation" means the plan and formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Expenses, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court, as set forth in § 2 below.

1.4     "Authorized Claimant" means any intended Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of the Stipulation, the exhibits hereto and any order of the Court.

1.5     "Brink Case" means the above-captioned lawsuit, *Brink v. Raymond James and Associates, Inc.*, 0:15-cv-60334 (S.D. Fl. filed Feb. 17, 2016).

1.6     "Brink Subclass" means, as ordered by the Court for settlement purposes only, all former and current Customers of RJA in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010 and March 31, 2017 (the "*Brink* Class Period"). Excluded from the Brink Subclass are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

1.7     "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of Florida.

1.8    "Claimant" means any Settlement Class Member to whom a check is transmitted in such form and manner, and within such time, as the Court shall prescribe.

1.9    "Claims" means any and all manner of claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, which may be asserted in any capacity, whether based in law or equity, arising under federal, state, local, statutory, or common law, or any other law, rule or regulation, including both known and Unknown Claims.

1.10   "Class Counsel" means Day Pitney/Richman Greer, Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A.

1.11   "Defendants" or "Raymond James" collectively refers to Raymond James and Associates, Inc. ("RJA"), Raymond James Financial Services, Inc. ("RJFS") and Raymond James Financial Services Advisors, Inc. ("RJFSA").

1.12   "Defense Counsel" refers to Buchanan Ingersoll & Rooney PC.

1.13   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of the Stipulation have been met and have occurred.

1.14   "Escrow Account" means an interest bearing escrow account established by the Claim Administrator..  The Escrow Account shall be managed by the Claim Administrator, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.15   "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that any dispute or appeal relating solely

7

to the amount, payment or allocation of attorneys' fees and expenses, shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

1.16   "Final Judgment(s)" means the order(s) and judgment(s) to be entered by the Court finally approving the Settlement and dismissing the Actions, materially in the form attached hereto as Exhibit B.

1.17   "Lead Plaintiffs" or "Plaintiffs" collectively refers to Jyll Brink ("Brink"), Caleb Wistar ("Wistar") and Ernest Mayeaux ("Mayeaux").

1.18   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be sent to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1 and A-2.

1.19   "Opt-Out" means any one of, and "Opt-Outs" means all of, any Person(s) who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto or otherwise opted out in accordance with the notice sent to class members in the *Brink* case.

1.20   "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.21   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.22    "Released Claims" means any and all claims, counterclaims, cross-claims, demands, rights, causes of action, suits, proceedings, claims for contribution, damages, costs, expenses and attorneys' fees, and liabilities, of every nature and description whatsoever, whether based in law, equity or otherwise, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively, derivatively, or in any other capacity against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted, in the Actions, including without limitation, claims for negligence, breach of contract, and violations of any federal or state regulatory rule or securities law, arising out of, based upon or relating in any way to Raymond James's "Processing Fees", "Handling and Postage Fees", "Handling Fees", sometimes described as "Miscellaneous Fees" and "Misc. Fees."

1.23    "Released Parties" means RJA, RFJS, and RJFSA, along with their respective past or present subsidiaries, parents, affiliates, successors, predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, financial advisors, attorneys, agents, and any firm, trust, corporation or other entity in which it has a controlling interest.

1.24    "Releasing Parties" means (i) Lead Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

1.25    "Settlement" means the settlement contemplated by this Stipulation.

1.26    "Settlement Administrator" means American Legal Claims Services **OR** [the company or companies selected by Class Counsel, agreed upon by Defense Counsel, and approved by the Court to administer the settlement process].  The Settlement Administrator shall perform the duties set forth in this Stipulation and any order of the Court.

1.27    "Settlement Amount" means the principal amount of fifteen million dollars ($15,000,000.00), plus interest.  The Settlement Amount includes all Administrative Costs, Class Counsel's attorneys' fees and expenses, as allowed by the Court, Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.28    "Settlement Class" collectively refers to the Brink Subclass and the Wistar Subclass to be certified for settlement purposes only.

1.29    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class(es).

1.30    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.31    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.32    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants (as defined herein) and Plaintiffs (on behalf of themselves and the Settlement Class).

1.33    "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or

10

suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiffs and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class

Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

1.34    "Wistar Case" means the above-captioned lawsuit, *Wistar v. Raymond James Financial Services, Inc.*, Case No. 0:16-cv-60284 (S.D. Fl. filed Feb. 11, 2016).

1.35    "Wistar Subclass" means, as ordered by the Court for settlement purposes only, all former and current Customers of RJFS and RJFSA in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJFSA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019 (the "*Wistar* Class Period"). Excluded from the Wistar Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJFS or RJFSA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns; and RJFS or RJFSA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJFS or RJFSA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

## 2.   The Allocation of the Settlement Amount

2.1    The Settlement Amount will be allocated approximately twenty percent (20%) for the Settlement of the Brink Case and approximately eighty percent (80%) for the Settlement of the Wistar Case, after payment of Administrative Expenses, Taxes and Tax Expenses, and attorneys' fees, costs, expenses, and interest as may be allocated and awarded by the Court

2.2      Each Authorized Claimant shall receive a cash payment (via check) for his/her/its share of the Net Settlement Amount, and the formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Expenses, Taxes and Tax Expenses, and such reasonable attorneys' fees, costs, expenses, and interest as may be awarded by the Court is as follows:   For each trade that was made, the customer paid various Processing and/or Miscellaneous Fees ranging from $.01 to over $50.00, while most fees were either $9.95, $15.00 or $30.00.   For purposes of distribution, trades will be categorized by the amount of fee incurred by the customer.   Trades resulting in fees from $.01 to 9.95 are Category 1;  Trades resulting in fees from $9.96 to $15.00 are Category 2;   Trades resulting in fees from $15.01 or greater are Category 3.   The Net Settlement Amount will be distributed based upon the number of trades that each customer made and the amount of the Processing Fee and/or Miscellaneous Fee paid for each trade.   For each trade resulting in a Category 1 fee, the Authorized Claimant will receive a refund of a base amount.   For each trade resulting in a Category 2 fee, the Authorized Claimant will receive a refund of the base amount multiplied by two, and for each trade resulting in a Category 3 fee, the Authorized Claimant will receive a refund of the base amount multiplied by four.   The base amount will be calculated using the following formula: Base Amount = Total Amount of Funds to Be Distributed/((number of Category 1 Trades) + (2*(number of Category 2 Trades)) + (4* (number of Category 3 Trades))).

## 3.  The Settlement Consideration

3.1      In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Defendants shall, no later than ten (10) Business Days after the entry of a Preliminary Approval Order, pay the Settlement Amount, by wire transfer or check, to the Escrow Account, provided that the Settlement Administrator shall have

provided Defense Counsel with complete wire and transfer information and instructions and a completed Form W-9 at least three (3) business days prior to the date of such payments.

       3.2     In additional consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, RJA and RJFS shall also revise the Passport Account Agreement terms and other disclosures and information provided to all current and future Passport Account clients effective July 1, 2019 to remove the following language:

> Processing Fees are not commissions but are to defray the expenses incurred in facilitating the execution and clearing of Client's portfolio transactions. The actual expenses incurred by [Name of Entity] for any given transaction may be less than or greater than the Processing Fee.

RJA and RJFS shall also include the following disclosure related to Processing Fees in Passport Account agreements:

> The Passport Accounts are investment advisory accounts that include an advisory fee on the assets in your account and a per transaction charge (the "Transaction Fee") that generates additional revenue and may result in profit to Raymond James. The Transaction Fee is $15.00 per transaction, except for certain Non-Partner Mutual Fund purchases, which are subject to a $40.00 transaction fee. Transaction Fees do not apply to ERISA plans. The applicable standard advisory fee is reflected in the schedule below.

       The Parties agree that the negotiated additional and deleted language provided for above is additional non-monetary relief being provided to the Settlement Class. Plaintiffs and Class Counsel agree and stipulate that the inclusion of this additional language and deletion of the specified language provides a description of the Passport processing and handling fees in a manner that is clear, unambiguous and provides a reasonable and adequate description for understanding how such fees, in whole or in part, may be used by Raymond James.

       3.3     Under no circumstances will Raymond James, be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class

14

Member or in payment of any fees or expenses incurred by any Settlement Class Member or Class Counsel.

### 4. Handling and Disbursement of Funds by the Settlement Administrator

4.1     No monies will be disbursed from the Settlement Fund until after the Effective Date, except (a) as provided in ¶ 7.2 below; and (b) to pay Taxes and Tax Expenses (as defined in ¶ 5.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Funds and shall be considered a cost of administration of the Settlement and shall be timely paid by the Settlement Administrator on prior Order of Court.

4.2     The Settlement Administrator shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Settlement Administrator. The Settlement Administrator shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this paragraph.

4.3     The Settlement Administrator shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court.

### 5. Taxes

5.1     The Settling Parties and the Settlement Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. Sec. 1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 5.1, including the "relation-back

15

election" (as defined in Treas. Reg. Sec. 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Class Counsel or their designee. Class Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. Sec. 1.468B-2(k)). Such returns (as well as the election described in ¶4.1(a) hereof) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the cash portion of the Settlement Fund shall be paid out of the Settlement Fund.

5.3     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of ¶ 5.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of

administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Section.

### 6. Releases and Covenants Not to Sue and Bar Order

6.1 Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2 The Parties agree to entry of an Order and Final Judgment including a bar order provision providing that: Any and all claims, counterclaims, cross-claims, demands, rights,

causes of action, suits, proceedings, claims for contribution, damages, costs, expenses and attorneys' fees, and liabilities, of every nature and description whatsoever, whether based in law, equity or otherwise, on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known claims and Unknown Claims, against the Defendants or any of the Released Parties, that arise out of the Settled Claims or that relate to the facts upon which the Actions were brought or could have been brought shall be permanently barred and enjoined from prosecution.

**7. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1     Under the supervision of Class Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Settlement Administrator shall administer, calculate, and oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2     The Settlement Fund shall be applied as follows:

      (a)     To pay the Taxes and Tax Expenses described in above;

      (b)     To pay Administrative Costs;

      (c)     To pay Class Counsel's attorneys' fees and expenses and payments to the Lead Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

      (d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, or the Court.

7.3     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of this Stipulation and any orders of the Court.

18

7.4     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants.  Defendants, their counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the Allocation, the investment or distribution of the Net Settlement Fund, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Class Counsel, Defense Counsel, the Settlement Administrator or any other agent designated by Class Counsel based on distribution determinations made substantially in accordance with this Stipulation and the Settlement contained herein, the Allocation, or orders of the Court.

7.5     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any additional notice and administration costs incurred in administering the Settlement; and (iii) second, to make a *pro rata* distribution to Class Members who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be

donated in equal parts to Dade Legal Aid, Legal Aid  Society of Palm Beach County, and Bay Area Legal Services.

### 8.  Class Counsel's Attorneys' Fees and Reimbursement of Expenses

8.1     Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Class Counsel for (i) an award of reasonable attorneys' fees up to 40% of the Settlement Fund, on which Defendants take no position; (ii) reimbursement of reasonable costs and expenses, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Actions, on which Defendants take no position; and (iii) reasonable payments to the Lead Plaintiffs of $75,000 to Jyll Brink, and $25,000 to each of the other two Lead Plaintiffs for reimbursement of their time commitment, participation in the litigation, in connection with the Actions and for accepting the risk of exposure to a cost judgment if Plaintiffs did not prevail, on which amounts Defendants take no position.

8.2     Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the District Court shall be paid to Class Counsel from the Settlement Fund within seven (7) Business Days after the Effective Date.  Any amounts awarded by the Court to the Lead Plaintiffs for reimbursement of their time and expenses shall also be paid within seven (7) Business Days after the Effective Date.

8.3     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceedings relating to the Fee and Expense Application, or any objection to, motion regarding or appeal from any order or proceedings relating thereto or reversal or modification thereof, shall

20

not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4    Any award of attorneys' fees and/or expenses to Class Counsel or reimbursement payments to the Lead Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants shall have no responsibility for payment of Class Counsel's attorneys' fees and expenses or other awards to the Lead Plaintiffs beyond the obligation of Defendants to fund the Settlement Amount as set forth above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, the Lead Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

### 9.  Class Certification

9.1    In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues. For settlement purposes only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Class Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

9.2    Upon the entry of Final Judgment and the time period for any and all appeals has expired, RJA shall move for the lifting of the stay of appeal at the Court of Appeals for the Eleventh Circuit and the dismissal of the appeal.

### 10. Conditions of Settlement, Effect of Disapproval, Cancellation Or Termination

10.1    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within thirty (30) calendar days of the following:

(a)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(b)    entry of a Court order refusing to approve this Stipulation in any material respect;

(c)    entry of a Court order declining to enter the Final Judgment in any material respect;

(d)    entry of an order by which the Final Judgment is modified or reversed in any material respect by the Court, the Court of Appeals or the United States Supreme Court.

10.2    Raymond James shall have the right to terminate this Stipulation rendering this Stipulation and Settlement void, without penalty to Raymond James, and the Parties shall be returned to their status prior to entering into this Stipulation as set forth in Paragraph 10.5, in the event that the Settlement Administrator receives timely and valid requests for exclusion from more than five hundred ( 500) Opt Outs.

10.3    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last in time of the following events occurs:

(a)    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

(b)    The Settlement Fund has been paid into the Escrow Account;

22

(c)     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment; and

(d)     The Final Judgment has become Final as defined above.

10.4     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5     If any of the conditions specified above in ¶ 10.3 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated, unless all of the Settling Parties agree in writing to proceed with this Stipulation.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

10.6     In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to April 4, 2019 and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Actions shall be preserved without prejudice.

10.7     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no

further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund, less taxes, any Administrative Costs which have either been disbursed or are chargeable shall be refunded by the Settlement Administrator to Defendants, plus accrued interest by check or wire transfer pursuant to written instructions from Defendants.  At the request of Defendants, the Settlement Administrator or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants pursuant to written direction from the Defendants.

**11. No Admission of Liability or Wrongdoing**

11.1    The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, is evidence or an admission or concession by any Defendant or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

11.2    This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Actions, any wrongdoing by any Defendant or any of the Released Parties, or any damages or injury to any Settlement Class Member.

Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in

24

connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue and establish that the Stipulation or Supplemental Agreement or Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement or Supplemental Agreement or Final Judgment.

**12. Miscellaneous Provisions**

12.1    Except in the event of the filing of a Termination Notice pursuant to this Stipulation, the Settling Parties shall take all actions necessary to consummate this agreement and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

12.2    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

12.3    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

12.4    Plaintiffs and Class Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of the Plaintiffs' claims or causes of action against one or more Defendants in the Actions, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Actions, have been assigned, encumbered or in any manner transferred in whole or in part.

12.5    Raymond James shall comply with any and all settlement notice requirements under the Class Action Fairness Act of 2005, including but not limited to those found in 28 U.S.C. §1715, with which the Settlement Administrator may assist.

12.6    This Stipulation and its Exhibits, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements.  No representations, warranties or inducements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement.  Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.7    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

12.8    This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

12.9    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.11   This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Florida without regard to conflict of laws principles.

12.12   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.13   The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.14   All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall

27

remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.15   Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

12.16   The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**[Signature Pages to Follow]**

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated as of June _11_, 2019.


_G. Calvin Hayes_

Samuel W. Braver
Florida Bar No. 0539074
samuel.braver@bipc.com
G. Calvin Hayes
Florida Bar No. 558702
calvin.hayes@bipc.com
Buchanan Ingersoll & Rooney PC
401 E. Jackson St., Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 222-8189

— and —

Matthew C. Pilsner (admitted *pro hac vice*)
Pa. I.D. No. 314606
matthew.pilsner@bipc.com
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219–1410
Tel: (412) 562-3921
Fax: (412) 562-1041

*Counsel for Raymond James & Associates, Inc.; Raymond James Financial Services, Inc.; and Raymond James Financial Services Advisors, Inc.*

RAYMOND JAMES & ASSOCIATES, INC
Title: Associate General Counsel
Date: June 11, 2019
880 Carillon Parkway
St. Petersburg, Florida 33716

RAYMOND JAMES FINANCIAL
SERVICES, INC.
Title: Associate General Counsel
Date: June 11, 2019
880 Carillon Parkway
St. Petersburg, Florida 33716

RAYMOND JAMES FINANCIAL
SERVICES ADVISORS, INC.
Title: Associate General Counsel
Date: June 11, 2019
880 Carillon Parkway
St. Petersburg, Florida 33716

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of June 11th, 2019.

_____

Gary S. Betensky, Esq.
Fla. Bar No. 434302
Nathaniel M. Edenfield
Fla. Bar No. 91034
Day Pitney/Richman Greer
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3517
Facsimile: (561) 790-8756

— and —

Manuel A. Garcia-Linares, Esq.
Fla. Bar No. 985252
Mark A. Romance, Esq.
Fla. Bar No. 0021520
Day Pitney/Richman Greer
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 351-8437

*Counsel for Jyll Brink on behalf of herself and each of the Settlement Class Members; and Caleb Wistar and Ernest Mayeaux, on behalf of themselves and each of the Settlement Class Members*

_____          _____
Jyll Brink, on behalf of herself and                Ernest Mayeaux, on behalf of himself and
the Settlement Class                                      the Settlement Class



_____
Caleb Wistar, on behalf of himself and
the Settlement Class

4848-0828-4311, v. 1

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,

by their duly authorized attorneys, dated as of May ___, 2019.


Gary S. Betensky, Esq.
Fla. Bar No. 434302
Nathaniel M. Edenfield
Fla. Bar No. 91034
Day Pitney/Richman Greer
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3517
Facsimile: (561) 790-8756·

— and —

Manuel A. Garcia-Linares, Esq.
Fla. Bar No. 985252
Mark A. Romance, Esq.
Fla. Bar No. 0021520
Day Pitney/Richman Greer
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 351-8437·

*Counsel for Jyll Brink on behalf of herself and each of the Settlement Class Members; and Caleb Wistar and Ernest Mayeaux, on behalf of themselves and each of the Settlement Class Members*


Jyll Brink, on behalf of herself and
the Settlement Class

Date: ___5/29/2019___

Ernest Mayeaux, on behalf of himself and
the Settlement Class

Date: _____


Caleb Wistar, on behalf of himself and
the Settlement Class

Date: _____

4848-0828-4311, v. 1

31

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of May ___, 2019.

_____
Gary S. Betensky, Esq.
Fla. Bar No. 434302
Nathaniel M. Edenfield
Fla. Bar No. 91034
Day Pitney/Richman Greer
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3517
Facsimile: (561) 790-8756

— and —

Manuel A. Garcia-Linares, Esq.
Fla. Bar No. 985252
Mark A. Romance, Esq.
Fla. Bar No. 0021520
Day Pitney/Richman Greer
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 351-8437

*Counsel for Jyll Brink on behalf of herself and each of the Settlement Class Members; and Caleb Wistar and Ernest Mayeaux, on behalf of themselves and each of the Settlement Class Members*

_____
Jyll Brink, on behalf of herself and
the Settlement Class

Date: _____


_____
Caleb Wistar, on behalf of himself and
the Settlement Class

Date: 5/22/19

_____
Ernest Mayeaux, on behalf of himself and
the Settlement Class

Date: _____

4848-0828-4311, v. 1

31

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of May __, 2019.

_____
Gary S. Betensky, Esq.
Fla. Bar No. 434302
Nathaniel M. Edenfield
Fla. Bar No. 91034
Day Pitney/Richman Greer
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3517
Facsimile: (561) 790-8756

— and —

Manuel A. Garcia-Linares, Esq.
Fla. Bar No. 985252
Mark A. Romance, Esq.
Fla. Bar No. 0021520
Day Pitney/Richman Greer
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 351-8437

*Counsel for Jyll Brink on behalf of herself and each of the Settlement Class Members; and Caleb Wistar and Ernest Mayeaux, on behalf of themselves and each of the Settlement Class Members*

_____
Jyll Brink, on behalf of herself and
the Settlement Class

Date: _____

_____
Caleb Wistar, on behalf of himself and
the Settlement Class

Date: _____

_____
Ernest Mayeaux, on behalf of himself and
the Settlement Class

Date: May 29 2019

4848-0828-4311, v. 1

31

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CONSOLIDATED ACTION**

JYLL BRINK, on her own behalf, and on
behalf of those similarly situated,

      Plaintiff,                         CASE NO.: 15-CV-60334-
                                      DIMITROULEAS/SNOW

v.

RAYMOND JAMES & ASSOCIATES, INC.,

      Defendant.

_____/

CALEB WISTAR and ERNEST MAYEAUX,
on their own behalf, and on behalf of those
similarly situated,

      Plaintiffs,                       CASE NO.: 16-CV-60284-
                                      DIMITROULEAS/SNOW

v.

RAYMOND JAMES FINANCIAL
SERVICES, INC., and RAYMOND JAMES
FINANCIAL SERVICES ADVISORS, INC.,

      Defendants.

_____/

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT AND FOR CERTIFICATION**
<u>**OF THE SETTLEMENT SUBCLASSES**</u>

WHEREAS, Plaintiffs JYLL BRINK, CALEB WISTAR, and ERNEST MAYEAUX ("Plaintiffs") in these two matters consolidated for settlement purposes entitled *Brink v. Raymond James & Associates, Inc.*, Case No. 15-CV-60334 (S.D. Fla) and *Wistar v. Raymond James Financial Services, Inc.*, et al., Case No. 16-cv-60284 (S.D. Fla) (the "Litigation") and RAYMOND JAMES & ASSOCIATES, INC. ("RJA"), RAYMOND JAMES FINANCIAL SERVICES, INC. ("RJFS"), and RAYMOND JAMES FINANCIAL SERVICES ADVISORS, INC. ("RJFSA"), ("Defendants" or "Raymond James") have entered into a Stipulation of Settlement[1] on May __, 2019 (the "Stipulation"), after lengthy arms-length settlement negotiations;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure Rule 23(e), for an order preliminarily approving the settlement of this Litigation, certifying the *Brink* and *Wistar* subclasses, approving the proposed class notices, appointing undersigned as class counsel, and appointing American Legal Claims Services to serve as the settlement claims administrator;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

**A.      The Stipulation Is Preliminarily Approved**

1.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation and incorporates its terms as set forth herein.

3.      Pursuant to Federal Rules of Civil Procedure Rule 23(e), the Court will hold a final approval hearing (the "Final Approval Hearing") on October 25, 2019, at 2:00 p.m., in the Courtroom of the Honorable William P. Dimitrouleas, United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 205B, Fort Lauderdale, Florida 33301, for the following purposes:

   a.      determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

   b.      considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

   c.      considering the application of Plaintiffs for an incentive award for serving as class representative, as provided for under the Stipulation;

   d.      considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree; and

   e.      ruling upon such other matters as the Court may deem just and appropriate.

4.      The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. .

5.      All deadlines set forth in the Court's Order Re-Setting Scheduling Deadlines for Class Settlement Approval must be adhered to.  [*See* D.E. 178]

**B.      The Court Certifies the *Brink* and *Wistar* Subclasses for Settlement Purposes**

6.      The Court finds that the proposed subclasses meet the numerosity, commonality, typicality, and adequacy requirements of class certification set forth in Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b).  Accordingly, the *Brink* and *Wistar* subclasses are hereby certified for settlement purposes only as a class action pursuant to Rule 23(b)(2) and (b)(3) as follows:

7.      Having made the findings set forth below, the Court hereby certifies the *Brink* subclass, for the purpose of a settlement only in accordance with the terms of the Stipulation, as defined as follows:

> All former and current Customers of RJA in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010 and March 31, 2017 (the "Brink Class Period").  Excluded from the Brink Subclass are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

8.      Having made the findings set forth below, the Court hereby certifies the *Wistar* subclass, for the purpose of a settlement only in accordance with the terms of the Stipulation, as defined as follows:

> All former and current Customers of Raymond James Financial Services, Inc. ("RJFS") and Raymond James Financial Services Advisors, Inc. ("RJFSA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019. Excluded from the Wistar Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJFS or RJFSA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns; and RJFS or RJFSA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJFS or RJFSA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns

9.      If the proposed settlement does not receive the Court's final approval, should final approval be reversed on appeal, or should the proposed settlement otherwise fail to become effective for any reason, including any party's exercise of a right to terminate under the proposed settlement, the Court's grant of certification to the *Brink* and *Wistar* subclasses shall be vacated and become null and void without further Court action or Order of the Court.

10.      The Court finds, based on the terms of the proposed settlement, and for settlement purposes only, that:

a.      The above-defined *Brink* and *Wistar* subclasses are so numerous that joinder of all members is impracticable.

b.      There are questions of law and fact common to the *Brink* and *Wistar* subclasses.

c.      The claims of the class representatives are typical of the claims of the *Brink* and *Wistar* subclasses.

d.      The class representatives and their counsel will fairly and adequately represent the interests of the *Brink* and *Wistar* subclasses. There are no conflicts of interest between the class representatives and members of the *Brink* and *Wistar* subclasses.

e.      Questions of law and fact common to the members of the *Brink* and *Wistar* subclasses predominate over any questions affecting only individual members of the *Brink* and *Wistar* subclasses

f.      Certification of the *Brink* and *Wistar* subclasses is superior to other available methods for the fair and efficient adjudication of this controversy.

11.     Together, the *Wistar* subclass and *Brink* subclass shall form the entire Class.

**C.     The Court Approves the Form and Method of Class Notice**

12.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement Notices (the "Class Notices"), which are attached as Exhibits A1 and A2 to the Stipulation.

13.     The Court finds that the distribution of Class Notices substantially in the manner and set forth in the Stipulation meet the requirements of Federal Rules of Civil Procedure 23 and due process, are the best notices practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14.     The Court approves the designation of American Legal Claims Services to serve as the Court-appointed class action settlement administrator for the settlement. The class action settlement administrator shall disseminate the Class Notices and supervise and carry out the notice procedure, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

15.     The Court directs the class action settlement administrator to establish a Settlement Website, making available copies of this Order, the Class Notices, Exclusion Request

forms, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.

16.     The class action settlement administrator is ordered to mail the Class Notices no later than July 12, 2019, as set forth in the Order Re-Setting Scheduling Deadlines for Class Settlement Approval [D.E. 178] (the "Notice Date").

17.     The costs of the Class Notices, processing of claims, creating and maintaining the Settlement Website, and all other class action settlement administrator and Class Notices expenses shall be paid from the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**D.     Appointment of Class Counsel.**

18.     The Court appoints Day Pitney/Richman Greer, Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A. as class counsel for the *Brink* and *Wistar* subclasses.

**E.     Procedure for Class Members to Participate in the Settlement**

19.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

20.     Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel.  All Class members who do not enter an appearance will be represented by Class Counsel.

**F.     Procedure for Requesting Exclusion from the Class**

21.     Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to

the class action settlement administrator postmarked or delivered no later than September 13, 2019 (the "Opt-Out and Objection Deadline"), as set forth in the Class Notices. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. All requests for exclusion must include the name, address and telephone number of the person requesting exclusion.

22.     Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23.     A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs three business days before the Final Approval Hearing.

**G.     Procedure for Objecting to the Settlement**

24.     Any Class member who desires to object  to the settlement, Fee and Expense Award, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and the grounds for such objections, together with all papers that the Class member desires to submit to the Court no later than September 13, 2019. The Court will consider such objection(s) and papers only if such papers are received on or before the Opt-Out and Objection Deadline

provided in the Class Notices, by the Clerk of the Court and by Plaintiffs' Counsel and Defendants' counsel.  Such papers must be sent to each of the following persons:

| Counsel for Plaintiffs: | Counsel for Defendants |
|---|---|
| Manuel A. Garcia-Linares, Esq. | Samuel W. Braver, Esq. |
| Day Pitney/Richman Greer | G. Calvin Hayes, Esq. |
| 396 Alhambra Circle | Buchanan Ingersoll & Rooney PC |
| North Tower, 14th Floor | 401 E. Jackson St., Suite 2400 |
| Miami, Florida 33134 | Tampa, Florida 33602 |
| Tel: (305) 373-4000 | Tel: (813) 222-8180 |
| Fax: (305) 351-8437 | Fax: (813) 222-8189 |
| www.daypitney.com | www.bipc.com |

25.     All objections must include the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature.  All objections must also include a reference to either *Brink v. Raymond James & Associates, Inc.*, Case No. 15-CV-60334 (S.D. Fla) or *Wistar v. Raymond James Financial Services, Inc.*, et al., Case No. 16-cv-60284 (S.D. Fla), depending on the Person's subclass.  Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.

26.     All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing.

27.     Attendance at the Final Approval Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for class representative incentive award, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notices.  Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or class representative incentive awards need not take any action to indicate their approval.  A Person's

failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notices waives any right the Person may have to object to the settlement, Fee and Expense Award, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

28.     Any person who fails to object in the manner prescribed above shall be deemed to have waived any objections and shall be forever barred from raising any objections in this action and will be bound by the Settlement and any Final Order and Judgment in the Litigation.

29.     The Court reserves the right to adjourn the Final Approval Hearing, including consideration of the application for attorneys' fees and costs and Plaintiffs' counsel's application for a stipend payable to Plaintiffs' for having served as representatives of the Class, without further notice other than by announcement at the Final Approval Hearing or any adjournment thereof.

30.     If the Settlement is approved by the Court following the Final Approval Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

31.     If the Settlement is not approved by the Court or it is terminated or shall not become effective for any reason whatsoever, the action shall proceed, completely without prejudice to any party as to any matter or fact, as if the Settlement had not been made and had not been submitted to the Court, and neither the Settlement nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Litigation or any other proceeding.[2]

---

[2] In the event the Court does not finally approve the Settlement, the settlement shall not become effective and shall be void *nunc pro tunc*, and the parties shall resume the litigation posture they were in prior to the Settlement.

32.     Neither the Stipulation, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs of any lack of merit to the claims asserted in the Litigation, or by Defendants of the truth of any of the allegations in the Litigation.

IT IS SO ORDERED

DATED: _____     _____

THE HONORABLE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A1

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED**

# If you are or were a customer of Raymond James & Associates, Inc. ("Raymond James"), who executed a "Passport Agreement", owned a Passport Account, and were charged a "Processing Fee" by Raymond James you may be entitled to a refund.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- The Lead Plaintiff brought this lawsuit on behalf of herself, and all those similarly situated, against Raymond James.
- The lawsuit alleges that a "Processing Fee" charged by Raymond James to customers participating in its "Passport Investment Account Program", sometimes labeled as a "Misc. Fee" on trade confirmations, included an unauthorized and undisclosed profit to Raymond James in violation of its customer agreement and applicable standards in the industry.
- Throughout the course of this case, Raymond James has denied any allegation of wrongdoing, liability or damage whatsoever.  Raymond James has also denied that the Settlement Class has suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions.
- The Parties have reached a settlement of the lawsuit that provides recovery to class members and a modification of the disclosure language in the Passport Agreement, which settlement is subject to Court approval.  If the settlement is approved, all qualifying members of the "settlement class" will receive a check in the mail for their portion of the settlement fund.  This check will be sent to qualifying members of the settlement class, who do not exclude themselves, if the settlement is approved by the Court.
- Through the settlement, Raymond James has agreed to create a fund of $15,000,000.00 to settle this case and a related case, which will be paid to each member of the settlement class on a *pro rata* basis, after reduction for fees, costs, taxes, and administrative expenses.  Raymond James has also agreed to modify the disclosure language in the Passport Agreement.
- The settlement class includes all current and former customers of Raymond James in the United States and its territories who executed a "Passport Agreement" and owned a "Passport Account," and from who Raymond James deducted, retained, and/or charged a per transaction Processing Fee on transactions involving "Fee Investments" between February 17, 2010 and March 31, 2017 Excluded from the Brink Subclass are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

-1-

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

- **Your rights are affected by the proposed settlement. You may take one of the following actions:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING AND RECEIVE A REFUND IF SETTLEMENT IS APPROVED** | If you take no action, and the Court approves the settlement, you will receive a check in the mail for your *pro rata* portion of the settlement fund. By choosing this option, you relinquish your right to sue Raymond James for the wrong that forms the basis of this lawsuit. |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT** | If you exclude yourself from the settlement, by following the procedures below, you will not receive any portion of the settlement fund if the settlement is approved by the Court. If you choose to exclude yourself, you will retain your rights to sue Raymond James for the alleged wrong that forms the basis of this lawsuit. |
| **OBJECT** | You may object to the settlement by filing a notice of objection with the Court on or before September 13, 2019. The Court will hold a hearing on the request for final approval of the settlement on October 25, 2019. |

- You may exclude yourself from the settlement by visiting _____ and downloading an exclusion form. You must then send the exclusion form to Raymond James Lawsuit Exclusion at _____. **Important: To exclude yourself from the settlement, your exclusion form must be postmarked by September 13, 2019.**
- **Any questions? Visit** _____.com or call _____ for more information.

### 1.   Why did I receive this Notice and why is it important?

Raymond James' records indicate that you are a member of the proposed settlement class because you owned a Passport Account and incurred Processing Fees or Misc. Fees during the class period. The Court has directed this Notice be sent to all settlement Class Members to advise you of your rights and options before the Court decides whether the settlement should be approved.

### 2.   Who is excluded from the class?

Excluded from the Class are Raymond James, its employees, authorized representatives, financial advisors, parents, subsidiaries, affiliates, officers and directors, any directors, any entity in which Raymond James has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, all person who have released their claims against Raymond James,

| QUESTIONS? VISIT _____.com |
|---|

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT – YOUR RIGHTS ARE AFFECTED*

government entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

## 3.   What is this lawsuit about?

This lawsuit is about whether the per-transaction Processing Fee that Raymond James charged its customers for "execution and clearing" of trades included an undisclosed and unauthorized profit to Raymond James.

## THE CLAIMS IN THE LAWSUIT

## 4.   What does the lawsuit complain about?

In the lawsuit, the Plaintiffs allege that Raymond James charged its customers a "Processing Fee" for "execution and clearing" of customer trades, (sometimes labeled as a "Misc. Fee,"); however, the costs of "execution and clearing" of customer trades was lower than the "Processing Fee" charged, resulting in a *de facto* commission to Raymond James in what is supposed to be a commission free account despite the fact that the Passport Agreement expressly provides that "Processing Fees" are not commissions."

## 5.   How does Raymond James answer?

Raymond James denies that it did anything wrong and says that its Processing Fees did not exceed its costs for execution and clearing of trades and were accurately disclosed in the Passport Agreement.

## 6.   Why is there a settlement?

The Court hasn't decided whether Raymond James or the Plaintiffs are correct. The Parties have been engaged in extended litigation (including two appeals) and agreed to settle the case before trial. This decision was made to eliminate the uncertainties, burden and expense of further litigation. The Lead Plaintiffs and Class Counsel believe settlement is in the best interests of the Class Members. The settlement must be approved by the Court to become final.

## WHO IS IN THE CLASS

## 7.   Who are the Class Members?

The Court has certified a class with the following definition:

> All former and current Customers of Raymond James and Associates, Inc. ("RJA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010

-3-

QUESTIONS? VISIT _____.com

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED**

and March 31, 2017. Excluded from the Class are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

## YOUR RIGHTS AND OPTIONS

You must decide whether to remain in the Class, in which case you will be bound by the settlement and will receive a *pro rata* portion of the settlement fund; alternatively, you may exclude yourself from the class and retain your right to sue Raymond James independently.

### 8.  What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit in the event of a successful settlement or trial. By doing nothing you are staying in the Class and you will receive a *pro rata* portion of the settlement fund, if the settlement is approved by the Court. Keep in mind that if you do nothing, you will not be able to sue, or continue to sue, Raymond James – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this lawsuit.

### 9.  Can I exclude myself from the Class and the settlement?

Yes, you may exclude yourself from the Class and the settlement. If you exclude yourself— sometimes called "opting-out"—you will not receive any benefits from this lawsuit or settlement, but you may have the ability to sue Raymond James independently because you will not be bound by the Court's orders and judgments in this case.

### 10. How do I ask the Court to exclude me from the settlement and Class?

You may exclude yourself from the settlement by visiting _____ and downloading an exclusion form. You must then send the completed exclusion form to Raymond James Lawsuit Exclusion at _____. **Important:  To exclude yourself from the settlement, your exclusion form must be postmarked by September 13, 2019.** If you do not fill out the form fully or do not send it in time, you will not be excluded from the lawsuit.

### 11. Can I object to the settlement?

Yes, if there is something about the settlement that you do not like, you may file an objection with the Court. You will still be in the settlement and remain a Class Member if you object. If you also wish to exclude yourself from the settlement, you must also send an exclusion form to the address above.

QUESTIONS? VISIT _____ .com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

If you wish to object, you must submit your objection to the Court with the following information:

(1) Your name, address, and telephone number;
(2) Your signature;
(3) The reasons you object;
(4) The name and case number of the lawsuit, which is *Brink v. Raymond James & Associates*, 15-CV-60334-DIMITROULEAS/SNOW.
(5) If you are represented by a lawyer, the name and contact information of that lawyer.

You must send your objection to the Clerk of the Court, United States District Court for the Southern District of Florida, 299 East Broward Blvd., Room 108, Fort Lauderdale, Florida, 33301. You must also send your objection to Class Counsel and Raymond James' counsel:

Manuel Garcia-Linares, Esq.
DAY PITNEY/RICHMAN GREER
396 Alhambra Circle
North Tower, 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 351-8437
Co-Counsel for Plaintiffs

Samuel W. Braver, Esq.
G. Calvin Hayes, Esq.
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson St., Suite 2400
Tampa, Florida 33602
Telephone: (813) 222-8180
Facsimile: (813) 222-8189
Counsel for Defendants

Your objection must be received by the Court and counsel by **September 13, 2019** or it will not be considered.

## 12. What does the settlement provide?

Raymond James has agreed to create a settlement fund of $15,000,000.00, which will compensate the Class Members in this case as well as Class Members in a related case against related Raymond James entities. This fund will first be used to pay the costs of administering the Class, including sending notice and disbursement of settlement funds. The fund will also be used to pay incentive awards to the Lead Plaintiffs, and payment of attorneys' fees and other costs.

The remainder of the settlement fund will be disbursed on a *pro rata* basis to the settlement class, utilizing the following methodology. For each trade that was made, Class Members paid various Processing and/or Miscellaneous Fees ranging from $.01 to over $50.00, while most fees were either $9.95, $15.00 or $30.00. For purposes of distribution, trades will be categorized by the amount of the fee. Trades resulting in fees from $.01 to 9.95 are Category 1; Trades resulting in fees from $9.96 to $15.00 are Category 2; Trades resulting in fees from $15.01 or greater are Category 3. The net settlement fund will be distributed based upon the number of trades that each customer made and the amount of the Processing Fee and/or Miscellaneous Fee paid for each trade. For each trade resulting in a Category 1 fee, the Class Member will receive a refund

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

of a base amount. For each trade resulting in a Category 2 fee, the Class Member will receive a refund of the base amount multiplied by two, and for each trade resulting in a Category 3 fee, the Class Member will receive a refund of the base amount multiplied by four. The base amount will be calculated using the following formula: Base Amount = Total Amount of Funds to Be Distributed/((number of Category 1 Trades) + (2*(number of Category 2 Trades)) + (4* (number of Category 3 Trades))).

Cash refunds will be sent via check to each of the Class Members if the Court approves the settlement. A final hearing is set for October 25, 2019, where the Court will hear argument about whether to approve the settlement. If the Court does not approve the settlement, no payments will be made.

### 13. What other benefits does the Settlement provide?

Besides the settlement funds, Raymond James has agreed to amend the Passport Agreement, for all existing and future customers, to make clear that the revenue generated from Processing and Misc. fees is not limited to be used only for offsetting the costs for executing and clearing trades.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Parties have agreed to request the court appoint Day Pitney/Richman Greer, Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A. to represent the Class. Together the law firms are called "Class Counsel." They are experienced in handling class actions and claims against securities broker-dealers.

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf if you decide to not exclude yourself from the settlement. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers be paid?

Class Counsel will request the Court approve an attorney fee award of 40% of the settlement Fund, which amount will be the total amount of fees for Class Counsel. In addition, the Parties will request the Court approve of class administration and other costs, as well as incentive fees for the Lead Plaintiffs, to be paid from the Settlement Fund. Class counsel will request the Court approve an incentive fee of $75,000 to be paid to Jyll Brink (in this case), and $25,000 to be paid to Caleb Wistar and $25,000 to be paid to Ernest Mayeaux (in the related case).

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

## GETTING MORE INFORMATION

**17. Are there more details available?**

Visit the website, _____where you will find more information about the lawsuit and the settlement. You may also receive additional information by calling _____.

DATE: June 11, 2019

QUESTIONS? VISIT _____.com

# EXHIBIT A2

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

# If you are or were a customer of Raymond James Financial Services, Inc. and Raymond James Financial Services Advisors, Inc. ("Raymond James"), who executed a "Passport Agreement", owned a Passport Account, and were charged a "Processing Fee" by Raymond James you may be entitled to a refund.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- The Lead Plaintiffs brought this lawsuit on behalf of themselves, and all those similarly situated, against Raymond James.
- The lawsuit alleges that a "Processing Fee" charged by Raymond James to customers participating in its "Passport Investment Account Program", sometimes labeled as a "Misc. Fee" on trade confirmations, included an unauthorized and undisclosed profit to Raymond James in violation of its customer agreement and applicable standards in the industry.
- Throughout the course of this case, Raymond James has denied any allegation of wrongdoing, liability or damage whatsoever.  Raymond James has also denied that the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions
- The Parties have reached a settlement of the lawsuit that provides recovery to class members and a modification of the disclosure language in the Passport Agreement, which settlement is subject to Court approval.  If the settlement is approved, all qualifying members of the "settlement class" will receive a check in the mail for their portion of the settlement fund.  This check will be sent to qualifying members of the settlement class, who do not exclude themselves, if the settlement is approved by the Court.
- Through the settlement, Raymond James has agreed to create a fund of $15,000,000.00 to settle this case and a related case, which will be paid to each member of the settlement class on a *pro rata* basis between the Class Members in this case as well as the Class Members in a related case, after reduction for fees, costs, taxes, and administrative expenses.  Raymond James has also agreed to modify the disclosure language in the Passport Agreement.
- The settlement class includes all current and former customers of Raymond James in the United States and its territories who executed a "Passport Agreement" and owned a "Passport Account," and from who Raymond James deducted, retained, and/or charged a per transaction Processing Fee on transactions involving "Fee Investments" between February 11, 2011 and June 30, 2019.
  Excluded from the Wistar Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJFS or RJFSA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns; and RJFS or RJFSA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJFS or RJFSA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

-1-

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

- **Your rights are affected by the proposed settlement.  You may take one of the following actions:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING AND RECEIVE A REFUND IF SETTLEMENT IS APPROVED** | If you take no action, and the Court approves the settlement, you will receive a check in the mail for your *pro rata* portion of the settlement fund.  By choosing this option, you relinquish your right to sue Raymond James for the wrong that forms the basis of this lawsuit. |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT** | If you exclude yourself from the settlement, by following the procedures below, you will not receive any portion of the settlement fund if the settlement is approved by the Court.  If you choose to exclude yourself, you will retain your rights to sue Raymond James for the alleged wrong that forms the basis of this lawsuit. |
| **OBJECT** | You may object to the settlement by filing a notice of objection with the Court on or before September 13, 2019.  The Court will hold a hearing on the request for final approval of the settlement on October 25, 2019. |

- You may exclude yourself from the settlement by visiting _____ and downloading an exclusion form.  You must then send the exclusion form to Raymond James Lawsuit Exclusion at _____.  **Important:  To exclude yourself from the settlement, your exclusion form must be postmarked by September 13, 2019.**
- **Any questions? Visit** _____.com or call _____ for more information.

### 1.   Why did I receive this Notice and why is it important?

Raymond James' records indicate that you are a member of the proposed settlement class because you owned a Passport Account and incurred Processing Fees or Misc. Fees during the class period.   The Court has directed this Notice be sent to all settlement Class Members to advise you of your rights and options before the Court decides whether the settlement should be approved.

### 2.   Who is excluded from the class?

Excluded from the Class are Raymond James, its employees, authorized representatives, financial advisors, parents, subsidiaries, affiliates, officers and directors, any directors, any entity in which Raymond James has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, all person who have released their claims against Raymond James,

| QUESTIONS? VISIT _____.com |
|---|

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

government entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

### 3.   What is this lawsuit about?

This lawsuit is about whether the per-transaction Processing Fee that Raymond James charged its customers for "execution and clearing" of trades included an undisclosed and unauthorized profit to Raymond James.

## THE CLAIMS IN THE LAWSUIT

### 4.   What does the lawsuit complain about?

In the lawsuit, the Plaintiffs allege that Raymond James charged its customers a "Processing Fee" for "execution and clearing" of customer trades, (sometimes labeled as a "Misc. Fee,"); however, the costs of "execution and clearing" of customer trades was lower than the "Processing Fee" charged, resulting in a *de facto* commission to Raymond James in what is supposed to be a commission free account despite the fact that the Passport Agreement expressly provides that "Processing Fees" are not commissions."

### 5.   How does Raymond James answer?

Raymond James denies that it did anything wrong and says that its Processing Fees did not exceed its costs for execution and clearing of trades and were accurately disclosed in the Passport Agreement.

### 6.   Why is there a settlement?

The Court hasn't decided whether Raymond James or the Plaintiffs are correct. The Parties have been engaged in extended litigation (including two appeals) and agreed to settle the case before trial. This decision was made to eliminate the uncertainties, burden and expense of further litigation. The Lead Plaintiffs and Class Counsel believe settlement is in the best interests of the Class Members. The settlement must be approved by the Court to become final.

## WHO IS IN THE CLASS

### 7.   Who are the Class Members?

The Lead Plaintiffs have asked the Court to approve a class for settlement purposes, which, if approved, are the Raymond James customers who may share in the settlement fund. The proposed class is defined this way:

> All former and current Customers of Raymond James Financial Services, Inc. ("RJFS") and  Raymond James Financial Services Advisors, Inc. ("RJFSA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or

-3-

QUESTIONS? VISIT _____.com

***NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED***

charged a per transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019. Excluded from the Class are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

## YOUR RIGHTS AND OPTIONS

You must decide whether to remain in the Class, in which case you will be bound by the settlement and will receive a *pro rata* portion of the settlement fund; alternatively, you may exclude yourself from the class and retain your right to sue Raymond James independently.

### 8.  What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit in the event of a successful settlement or trial.  By doing nothing you are staying in the Class and you will receive a *pro rata* portion of the settlement fund, if the settlement is approved by the Court.  Keep in mind that if you do nothing, you will not be able to sue, or continue to sue, Raymond James – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this lawsuit.

### 9.  Can I exclude myself from the Class and the settlement?

Yes, you may exclude yourself from the Class and the settlement. If you exclude yourself—sometimes called "opting-out"—you will not receive any benefits from this lawsuit or settlement, but you may have the ability to sue Raymond James independently because you will not be bound by the Court's orders and judgments in this case.

### 10. How do I ask the Court to exclude me from the settlement and the Class?

You may exclude yourself from the settlement by visiting _____ and downloading an exclusion form.  You must then send the completed exclusion form to Raymond James Lawsuit Exclusion at _____.  **Important:  To exclude yourself from the settlement, your exclusion form must be postmarked by September 13, 2019.**  If you do not fill out the form fully or do not send it in time, you will not be excluded from the lawsuit.

### 11. Can I object to the settlement?

Yes, if there is something about the settlement that you do not like, you may file an objection with the Court.  You will still be in the settlement and remain a Class Member if you object.  If

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

you also wish to exclude yourself from the settlement, you must also send an exclusion form to the address above.

If you wish to object, you must submit your objection to the Court with the following information:

(1) Your name, address, and telephone number;
(2) Your signature;
(3) The reasons you object;
(4) The name and case number of the lawsuit, which is *Wistar v. Raymond James Financial Services, Inc., et al.*, 16-CV-60284- DIMITROULEAS/SNOW.
(5) If you are represented by a lawyer, the name and contact information of that lawyer.

You must send your objection to the Clerk of the Court, United States District Court for the Southern District of Florida, 299 East Broward Blvd., Room 108, Fort Lauderdale, Florida, 33301. You must also send your objection to Class Counsel and Raymond James' counsel:

| | |
|---|---|
| Manuel Garcia-Linares, Esq. | Samuel W. Braver, Esq. |
| DAY PITNEY/RICHMAN GREER | G. Calvin Hayes, Esq. |
| 396 Alhambra Circle | BUCHANAN INGERSOLL & ROONEY PC |
| North Tower, 14th Floor | 401 E. Jackson St., Suite 2400 |
| Miami, Florida 33134 | Tampa, Florida 33602 |
| Telephone: (305) 373-4000 | Telephone: (813) 222-8180 |
| Facsimile: (305) 351-8437 | Facsimile: (813) 222-8189 |
| Co-Counsel for Plaintiffs | Counsel for Defendants |

Your objection must be received by the Court and counsel by **September 13, 2019** or it will not be considered.

## 12. What does the settlement provide?

Raymond James has agreed to create a settlement fund of $15,000,000.00, which will compensate the Class Members in this case as well as Class Members in a related case brought against Raymond James & Associates. This fund will first be used to pay the costs of administering the Class, including sending notice and disbursement of settlement funds. The fund will also be used to pay incentive awards to the Lead Plaintiff, and payment of attorneys' fees and other costs.

The remainder of the settlement fund will be disbursed on a *pro rata* basis to the settlement class, utilizing the following methodology. For each trade that was made, Class Members paid various Processing and/or Miscellaneous Fees ranging from $.01 to over $50.00, while most fees were either $9.95, $15.00 or $30.00. For purposes of distribution, trades will be categorized by the amount of the fee. Trades resulting in fees from $.01 to 9.95 are Category 1; Trades resulting in fees from $9.96 to $15.00 are Category 2; Trades resulting in fees from $15.01 or greater are Category 3. The net settlement fund will be distributed based upon the number of trades that each customer made and the amount of the Processing Fee and/or Miscellaneous Fee paid for

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

each trade. For each trade resulting in a Category 1 fee, the Class Member will receive a refund of a base amount. For each trade resulting in a Category 2 fee, the Class Member will receive a refund of the base amount multiplied by two, and for each trade resulting in a Category 3 fee, the Class Member will receive a refund of the base amount multiplied by four. The base amount will be calculated using the following formula: Base Amount = Total Amount of Funds to Be Distributed/((number of Category 1 Trades) + (2*(number of Category 2 Trades)) + (4* (number of Category 3 Trades))).

Cash refunds will be sent via check to each of the Class Members if the Court approves the settlement. A final hearing is set for October 25, 2019, where the Court will hear argument about whether to approve the settlement. If the Court does not approve the settlement, no payments will be made.

## 13. What other benefits does the Settlement provide?

Besides the settlement funds, Raymond James has agreed to amend the Passport Agreement, for all existing and future customers, to make clear that the revenue generated from Processing and Misc. fees is not limited to be used only for offsetting the costs for executing and clearing trades.

## THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The Parties have agreed to request the court appoint Day Pitney/Richman Greer, Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A. to represent the Class. Together the law firms are called "Class Counsel." They are experienced in handling class actions and claims against securities broker-dealers.

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf if you decide to not exclude yourself from the settlement. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 16. How will the lawyers be paid?

Class Counsel will request the Court approve an attorney fee award of 40% of the settlement Fund, which amount will be the total amount of fees for Class Counsel. In addition, the Parties will request the Court approve of class administration and other costs, as well as incentive fees for the Lead Plaintiffs, to be paid from the Settlement Fund. Class counsel will request the Court approve incentive fees of $25,000 to be paid to Caleb Wistar and $25,000 to be paid to Ernest Mayeaux (in this case), and $75,000 to be paid to Jyll Brink (in the related case).

QUESTIONS? VISIT _____.com

*NOTICE OF PROPOSED CLASS ACTION SETTLEMENT - YOUR RIGHTS ARE AFFECTED*

## GETTING MORE INFORMATION

| 17. Are there more details available? |
| --- |

Visit the website, _____ where you will find more information about the lawsuit and the settlement. You may also receive additional information by calling _____.

DATE: June 11, 2019

| QUESTIONS? VISIT _____.com |
| --- |

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CONSOLIDATED ACTION

JYLL BRINK, on her own behalf, and on
behalf of those similarly situated,

       Plaintiff,                     CASE NO.: 15-CV-60334-
                                           DIMITROULEAS/SNOW

v.

RAYMOND JAMES & ASSOCIATES, INC.,

       Defendant.

_____/


CALEB WISTAR and ERNEST MAYEAUX,
on their own behalf, and on behalf of those
similarly situated,

       Plaintiffs,                    CASE NO.: 16-CV-60284-
                                         DIMITROULEAS/SNOW

v.

RAYMOND JAMES FINANCIAL
SERVICES, INC., and RAYMOND JAMES
FINANCIAL SERVICES ADVISORS, INC.,

       Defendants.

_____/

**[PROPOSED] FINAL JUDGMENT**

These actions having settled pursuant to the Stipulation of Settlement (the "Stipulation") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      These actions, including all individual claims and class claims presented herein, are hereby dismissed with prejudice by the Lead Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

        a.      "Lead Plaintiffs" means Jyll Brink, Caleb Wistar, and Ernest Mayeaux.

        b.      "Settlement Class Members" are members of the "Settlement Class," which consists of the following *Brink* and *Wistar* subclasses:

> All former and current Customers of Raymond James and Associates, Inc. ("RJA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010 and March 31, 2017 (the "***Brink* Settlement Class Period**"). Excluded from the Brink Subclass are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns

> All former and current Customers of Raymond James Financial Services, Inc. ("RJFS") and  Raymond James Financial Services Advisors, Inc. ("RJFSA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019 (the "***Wistar* Settlement Class Period**").  Excluded from the Wistar

Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJFS or RJFSA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns; and RJFS or RJFSA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJFS or RJFSA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

The *Brink* Settlement Class Period and *Wistar* Settlement Class Period shall be referred to collectively at the "Settlement Class Periods."

        c.    "Raymond James" means "Raymond James Financial Services, Inc." "Raymond James Financial Services Advisors, Inc.", and "Raymond James & Associates, Inc."

        d.    "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

        2.    Lead Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, executors, representatives, wards, estates, bankruptcy estates, bankruptcy trustees, heirs, guardians, administrators, executors, predecessors, successors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could have asserted claims) on their behalves, have released the Released Claims as against the Released Parties, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class

-3-

certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

      a.    "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Periods or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Parties' conduct, policies, or practices concerning charges to customers for processing fees or miscellaneous fees for trades or transactions during the Settlement Class Periods, including but not limited to conduct, policies or practices concerning charges by Raymond James relating to trades during the Settlement Class Periods. In agreeing to this Release, Lead Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

      b.    The Released Claims of both the Lead Plaintiffs and the Settlement Class Members shall include, but not be limited to, any and all claims, counterclaims, cross-claims, demands, rights, causes of action, suits, proceedings, claims for contribution, damages, costs, expenses and attorneys' fees, and liabilities, of every nature and description whatsoever, whether based in law, equity or otherwise, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims (as defined in the

Stipulation of Settlement), that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively, derivatively, or in any other capacity against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted, in the Actions, including without limitation, claims for negligence, breach of contract, and violations of any federal or state regulatory rule or securities law, arising out of, based upon or relating in any way to Raymond James's "Processing Fees", "Handling and Postage Fees", "Handling Fees", sometimes described as "Miscellaneous Fees" and "Misc. Fees."

      c.    "Released Parties" means, only with respect to Released Claims: Raymond James, along with their respective past or present subsidiaries, parents, affiliates, successors, predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, financial advisors, attorneys, agents, and any firm, trust, corporation or other entity in which it has a controlling interest.

3.    Notwithstanding the dismissal of the entirety of these actions, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Stipulation, including jurisdiction to enter such further orders as may be necessary or appropriate.

4.    Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Stipulation and Final Order and enjoined pursuant to this judgment.

IT IS SO ORDERED

DATED: _____                    _____
                                                THE HONORABLE WILLIAM P. DIMITROULEAS
                                                UNITED STATES DISTRICT JUDGE