UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION

JYLL BRINK, on her own behalf, and on
behalf of those similarly situated,

       Plaintiff,                          CASE NO.: 15-CV-60334-
                                         DIMITROULEAS/SNOW

v.

RAYMOND JAMES & ASSOCIATES, INC.,

       Defendant.
_____/

CALEB WISTAR and ERNEST MAYEAUX,
on their own behalf, and on behalf of those
similarly situated,

       Plaintiffs,                        CASE NO.: 16-CV-60284-
                                         DIMITROULEAS/SNOW

v.

RAYMOND JAMES FINANCIAL
SERVICES, INC., and RAYMOND JAMES
FINANCIAL SERVICES ADVISORS, INC.,

       Defendants.
_____/

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AND CERTIFICATION
OF THE SETTLEMENT SUBCLASSES**

WHEREAS, Plaintiffs JYLL BRINK, CALEB WISTAR, and ERNEST MAYEAUX ("Plaintiffs") in these two matters consolidated for settlement purposes entitled *Brink v. Raymond James & Associates, Inc.*, Case No. 15-CV-60334 (S.D. Fla) and *Wistar v. Raymond James Financial Services, Inc.*, et al., Case No. 16-cv-60284 (S.D. Fla) (the "Litigation") and RAYMOND JAMES & ASSOCIATES, INC. ("RJA"), RAYMOND JAMES FINANCIAL SERVICES, INC. ("RJFS"), and RAYMOND JAMES FINANCIAL SERVICES ADVISORS, INC. ("RJFSA"), ("Defendants" or "Raymond James") have entered into a Stipulation of Settlement[1] [DE 179-1] (the "Stipulation"), after lengthy arms-length settlement negotiations;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure Rule 23(e), for an order preliminarily approving the settlement of this Litigation, certifying the *Brink* and *Wistar* subclasses, approving the proposed class notices, appointing undersigned as class counsel, and appointing American Legal Claims Services to serve as the settlement claims administrator;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

### A.    The Stipulation Is Preliminarily Approved

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

1.      The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation and incorporates its terms as set forth herein.

3.      Pursuant to Federal Rules of Civil Procedure Rule 23(e), the Court will hold a final approval hearing (the "Final Approval Hearing") on **Friday, October 25, 2019, at 2:00 p.m.**, in the Courtroom of the Honorable William P. Dimitrouleas, United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 205B, Fort Lauderdale, Florida 33301, for the following purposes:

   a.      determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

   b.      considering the application of Class Counsel for a Fee and Expense Award as provided for under the Stipulation;

   c.      considering the application of Plaintiffs for an incentive award for serving as class representative, as provided for under the Stipulation;

   d.      considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree; and

   e.      ruling upon such other matters as the Court may deem just and appropriate.

4.      The Parties may further modify the Stipulation prior to the Settlement Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.

5.      All deadlines set forth in the Court's Order Re-Setting Scheduling Deadlines for Class Settlement Approval must be adhered to.  [*See* DE 178]

   **B.      The Court Certifies the *Brink* and *Wistar* Subclasses for Settlement Purposes**

6.      The Court finds that the proposed subclasses meet the numerosity, commonality, typicality, and adequacy requirements of class certification set forth in Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b).  Accordingly, the *Brink* and *Wistar* subclasses are hereby certified for settlement purposes only as a class action pursuant to Rule 23(b)(2) and (b)(3) as follows:

7.      Having made the findings set forth below, the Court hereby certifies the *Brink* subclass, for the purpose of a settlement only in accordance with the terms of the Stipulation, as defined as follows:

> All former and current Customers of RJA in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and/or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010 and March 31, 2017 (the "Brink Class Period").  Excluded from the Brink Subclass are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

8.      Having made the findings set forth below, the Court hereby certifies the *Wistar* subclass, for the purpose of a settlement only in accordance with the terms of the Stipulation, as defined as follows:

> All former and current Customers of Raymond James Financial Services, Inc. ("RJFS") and  Raymond James Financial Services Advisors, Inc. ("RJFSA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per

transaction "processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019. Excluded from the Wistar Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJFS or RJFSA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns; and RJFS or RJFSA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJFS or RJFSA, as well as their immediate family members, and any of the foregoing's legal heirs and assigns

9.     If the proposed settlement does not receive the Court's final approval, should final approval be reversed on appeal, or should the proposed settlement otherwise fail to become effective for any reason, including any party's exercise of a right to terminate under the proposed settlement, the Court's grant of certification to the *Brink* and *Wistar* subclasses shall be vacated and become null and void without further Court action or Order of the Court.

10.     The Court finds, based on the terms of the proposed settlement, and for settlement purposes only, that:

a.     The above-defined *Brink* and *Wistar* subclasses are so numerous that joinder of all members is impracticable.

b.     There are questions of law and fact common to the *Brink* and *Wistar* subclasses.

c.     The claims of the class representatives are typical of the claims of the *Brink* and *Wistar* subclasses.

d.     The class representatives and their counsel will fairly and adequately represent the interests of the *Brink* and *Wistar* subclasses. There are no conflicts of interest between the class representatives and members of the *Brink* and *Wistar* subclasses.

e.     Questions of law and fact common to the members of the *Brink* and *Wistar* subclasses predominate over any questions affecting only individual members of the *Brink* and *Wistar* subclasses

      f.      Certification of the *Brink* and *Wistar* subclasses is superior to other available methods for the fair and efficient adjudication of this controversy.

11.      Together, the *Wistar* subclass and *Brink* subclass shall form the entire Class.

**C.      The Court Approves the Form and Method of Class Notice**

12.      The Court approves, as to form and content, the proposed Notice of Class Action Settlement Notices (the "Class Notices"), which are attached as Exhibits A1 and A2 to the Stipulation.

13.      The Court finds that the distribution of Class Notices substantially in the manner and set forth in the Stipulation meet the requirements of Federal Rules of Civil Procedure 23 and due process, are the best notices practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14.      The Court approves the designation of American Legal Claims Services to serve as the Court-appointed class action settlement administrator for the settlement.  The class action settlement administrator shall disseminate the Class Notices and supervise and carry out the notice procedure, and other administrative functions, and shall respond to Class member inquiries, as set forth in the Stipulation and this Order under the direction modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

15.      The Court directs the class action settlement administrator to establish a Settlement Website, making available copies of this Order, the Class Notices, Exclusion Request forms, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Stipulation.

16.      The class action settlement administrator is ordered to mail the Class Notices no later than **July 12, 2019**, as set forth in the Order Re-Setting Scheduling Deadlines for Class Settlement Approval [DE 178] (the "Notice Date").

17.     The costs of the Class Notices, processing of claims, creating and maintaining the Settlement Website, and all other class action settlement administrator and Class Notices expenses shall be paid from the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**D.     Appointment of Class Counsel.**

18.     The Court appoints Day Pitney/Richman Greer, Blum Law Group, Herskowitz Shapiro, PLLC, Sodhi Spoont, PLLC, and Hanley Law, P.A. as class counsel for the *Brink* and *Wistar* subclasses.

**E.     Procedure for Class Members to Participate in the Settlement**

19.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

20.     Any Class member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel.  All Class members who do not enter an appearance will be represented by Class Counsel.

**F.     Procedure for Requesting Exclusion from the Class**

21.     Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a completed request for exclusion to the class action settlement administrator postmarked or delivered no later than September 13, 2019 (the "Opt-Out and Objection Deadline"), as set forth in the Class Notices. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.  All requests for exclusion must include the name, address and telephone number of the person requesting exclusion.

22.     Any Class member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Settlement Class Member.  All Persons who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23.     A list reflecting all requests for exclusions shall be filed with the Court by Plaintiffs three business days before the Final Approval Hearing.

**G.     Procedure for Objecting to the Settlement**

24.     Any Class member who desires to object to the settlement, Fee and Expense Award, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of the objection(s) and the grounds for such objections, together with all papers that the Class member desires to submit to the Court no later than **September 13, 2019**.  The Court will consider such objection(s) and papers only if such papers are received on or before the Opt-Out and Objection Deadline provided in the Class Notices, by the Clerk of the Court and by Plaintiffs' Counsel and Defendants' counsel.  Such papers must be sent to each of the following persons:

| Counsel for Plaintiffs: | Counsel for Defendants |
|---|---|
| Manuel A. Garcia-Linares, Esq. | Samuel W. Braver, Esq. |
| Day Pitney/Richman Greer | G. Calvin Hayes, Esq. |
| 396 Alhambra Circle | Buchanan Ingersoll & Rooney PC |
| North Tower, 14th Floor | 401 E. Jackson St., Suite 2400 |
| Miami, Florida 33134 | Tampa, Florida 33602 |
| Tel: (305) 373-4000 | Tel: (813) 222-8180 |

Fax: (305) 351-8437                     Fax: (813) 222-8189
www.daypitney.com                       www.bipc.com

25.    All objections must include the name, address, and telephone number of the Person submitting the objection, and the submitting Person's signature.  All objections must also include a reference to either *Brink v. Raymond James & Associates, Inc.*, Case No. 15-CV-60334 (S.D. Fla) or *Wistar v. Raymond James Financial Services, Inc.*, et al., Case No. 16-cv-60284 (S.D. Fla), depending on the Person's subclass.  Each Person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.

26.    All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing.

27.    Attendance at the Final Approval Hearing is not necessary; however, any Class member wishing to be heard orally with respect to approval of the settlement, the application for the Fee and Expense Award, or the application for class representative incentive award, are required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Opt-Out and Objection Deadline as set forth in the Class Notices.  Class members who do not oppose the settlement, the applications for the Fee and Expense Award, or class representative incentive awards need not take any action to indicate their approval.  A Person's failure to submit a written objection in accordance with the Opt-Out and Objection Deadline and the procedure set forth in the Class Notices waives any right the Person may have to object to the settlement, Fee and Expense Award, or class representative incentive awards, or to appeal or seek other review of the Final Judgment and Order.

28.     Any person who fails to object in the manner prescribed above shall be deemed to have waived any objections and shall be forever barred from raising any objections in this action and will be bound by the Settlement and any Final Order and Judgment in the Litigation.

29.     The Court reserves the right to adjourn the Final Approval Hearing, including consideration of the application for attorneys' fees and costs and Plaintiffs' counsel's application for a stipend payable to Plaintiffs' for having served as representatives of the Class, without further notice other than by announcement at the Final Approval Hearing or any adjournment thereof.

30.     If the Settlement is approved by the Court following the Final Approval Hearing, an Order and Final Judgment shall be entered as described in the Stipulation.

31.     If the Settlement is not approved by the Court or it is terminated or shall not become effective for any reason whatsoever, the action shall proceed, completely without prejudice to any party as to any matter or fact, as if the Settlement had not been made and had not been submitted to the Court, and neither the Settlement nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any party shall be deemed an admission or offered or received in evidence at any proceeding in the Litigation or any other proceeding.[2]

32.     Neither the Stipulation, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs of any lack of merit to the claims asserted in the Litigation, or by Defendants of the truth of any of the allegations in the Litigation.

---

[2] In the event the Court does not finally approve the Settlement, the settlement shall not become effective and shall be void *nunc pro tunc*, and the parties shall resume the litigation posture they were in prior to the Settlement.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 12th day of June, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies Furnished to:
All counsel of record