UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JYLL BRINK, on her own behalf, and on
behalf of those similarly situated,

    Plaintiff,

v.

RAYMOND JAMES & ASSOCIATES, INC.,

    Defendant.

_____/

CASE NO.: 15-CV-60334-
DIMITROULEAS/SNOW

CALEB WISTAR and ERNEST MAYEAUX,
on their own behalf, and on behalf of those
similarly situated,

    Plaintiffs,

v.

RAYMOND JAMES FINANCIAL
SERVICES, INC., and RAYMOND JAMES
FINANCIAL SERVICES ADVISORS, INC.,

    Defendants.

_____

CASE NO.: 16-CV-60284-
DIMITROULEAS/SNOW

**FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

These actions, having settled pursuant to the Stipulation of Settlement [DE 179-1] (the "Stipulation"), and the Court having reviewed the Joint Motion for Final Approval of Class Action Settlement and Plaintiffs' Response to Class Member Objections ("Joint Motion") [DE 188], and having held a Fairness Hearing on the Settlement on October 25, 2019.  Counsel for both sides appeared.

Class Members were given notice and the opportunity to file objections or file Exclusion Requests from the Class before the Objection/Exclusion Deadline Date stated in the Notice. Members of the Class were also notified of their rights to appear at the Fairness Hearing in support of or in opposition to the proposed Settlement and/or the award of attorneys' fees and reimbursement of expenses, and procedures governing the opt-out process and the objection process were entered by way of the Court's Preliminary Approval Order. Due and adequate notice of the Settlement having been given as required in the Order, and the Court being otherwise fully advised, the Court hereby **GRANTS** the Joint Motion [DE 188] and enters Final Judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby overrules the Class Member Objections and finally approves the Settlement and the relief provided therein. This Court further finds the Settlement set is the result of arms' length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members, and Defendant RJA.

2. These actions, *Jyll Brink v. Raymond James & Associates, Inc.*, Case No. 15-CV-60334-DIMITROULEAS/SNOW, and *Caleb Wistar, et al. v. Raymond James Financial Services, Inc., et al.*, Case No. 16-CV-60284-DIMITROULEAS/SNOW (collectively the "Litigation"), including all individual claims and class claims presented therein, are hereby dismissed with prejudice by the Lead Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

   a. "Lead Plaintiffs" means Jyll Brink, Caleb Wistar, and Ernest Mayeaux.

   b. "Settlement Class Members" are members of the "Settlement Class," which consists of the following *Brink* and *Wistar* subclasses:

All former and current Customers of Raymond James and Associates, Inc. ("RJA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 17, 2010 and March 31, 2017 (the "*Brink* **Settlement Class Period**"). Excluded from the Class are RJA, its parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns, and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well their immediate family members, and any of the foregoing's legal heirs and assigns.

All former and current Customers of Raymond James Financial Services, Inc. ("RJFS") and Raymond James Financial Services Advisors, Inc. ("RJFSA") in the United States and its territories who executed a "Passport Agreement" and owned a Passport Account, and from whom RJA deducted, retained, and or charged a per transaction "Processing Fee" or "Misc. Fee" on transactions involving "Fee Investments" at any time between February 11, 2011 and June 30, 2019 (the "*Wistar* **Settlement Class Period**"). Excluded from the Wistar Subclass are RJFS and RJFSA, their parents, subsidiaries, affiliates, officers and directors, any entity in which RJA has a controlling interest, all Customers who make a timely selection to be excluded, any Customer whose financial advisor paid all or part of the Processing Fee on any of their trades, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns, and RJA's employees, authorized representatives, financial advisors, and all persons who have released their Passport account claims against RJA, as well their immediate family members, and any of the foregoing's legal heirs and assigns.

The *Brink* Settlement Class Period and *Wistar* Settlement Class Period shall be referred to collectively at the "Settlement Class Periods."

c.      "Raymond James" means "Raymond James Financial Services, Inc."

"Raymond James Financial Services Advisors, Inc.", and "Raymond James & Associates, Inc."

d.      "Affiliate" of an entity means any person or entity which controls, is

controlled by, or is under common control with such entity.

3.    The Court hereby **ADOPTS AND APPROVES** the Revised Report and Recommendation [DE 187] issued on Plaintiff's Motion for Award of Attorneys' Fees, Costs and Incentive Awards [DE 182], and adjudges that Plaintiff's Motion for Award of Attorneys' Fees, Costs and Incentive Awards [DE 182] is hereby **GRANTED**; that class counsel is awarded attorneys' fees in the amount of $6,000,000 to be paid from the common fund; that class counsel is awarded non-taxable costs in the amount of $261,491.85 to be paid from the common fund; that future costs of the Claims Administrator are awarded, in an amount of approximately $495,000,[1] to be paid from the common fund; that Plaintiff Jyll Brink receive an incentive award in the amount of $75,000 to be paid from the common fund; and that Plaintiffs Caleb Wistar and Ernest Mayeaux each receive an incentive award in the amount of $25,000 to be paid from the common fund. All payments for the awards referenced in this paragraph 2 shall be made from the common fund within ten (10) days of this Final Judgment.

4.    Lead Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, executors, representatives, wards, estates, bankruptcy estates, bankruptcy trustees, heirs, guardians, administrators, executors, predecessors, successors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could have asserted claims) on their behalves, have released Released Claims (as defined below) against the Released Parties (as defined below), and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly

---

[1] Increased by $15,000 from approximation set forth in Revised Report and Recommendation [DE 187] based on updated anticipated cost expenditures from Claims Administrator. Unanticpated costs or costs that exceed $495,000, subject to approval by class counsel, will be paid from the Net Settlement Fund as set forth in the Stipulation of Settlement (D.E. 179-1).

(i) filing, commencing, prosecuting, intervening in, or participating in (as individuals, class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims. Expressly excluded from the release of Released Claims are those persons who timely filed Requests for Exclusion as set forth in the Opt-Out Exclusion Request List [DE 188-1 at pages 5-7].

a. "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Periods or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Parties' conduct, policies, or practices concerning charges to customers for processing fees or miscellaneous fees for trades or transactions during the Settlement Class Periods, including but not limited to conduct, policies or practices concerning charges by Raymond James relating to trades during the Settlement Class Periods. In agreeing to this Release, Lead Plaintiffs explicitly

acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

   b. The Released Claims of both the Lead Plaintiffs and the Settlement Class Members shall include, but not be limited to, any and all claims, counterclaims, cross-claims, demands, rights, causes of action, suits, proceedings, claims for contribution, damages, costs, expenses and attorneys' fees, and liabilities, of every nature and description whatsoever, whether based in law, equity or otherwise, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively, derivatively, or in any other capacity against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted, in the Litigation, including without limitation, claims for negligence, breach of contract, and violations of any federal or state regulatory rule or securities law, arising out of, based upon or relating in any way to Raymond James's "Processing Fees", "Handling and Postage Fees", "Handling Fees", sometimes described as "Miscellaneous Fees" and "Misc. Fees."

   c. "Released Parties" means, only with respect to Released Claims: Raymond James, along with their respective past or present subsidiaries, parents, affiliates, successors, predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, financial advisors, attorneys, agents, and any firm, trust, corporation or other entity in which it has a controlling interest.

5.     Notwithstanding the dismissal of the entirety of the Litigation, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Stipulation, including jurisdiction to enter such further orders as may be necessary or appropriate.

6.     Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Stipulation and Final Order and enjoined pursuant to this judgment.

7.     Any pending motions not disposed of herein are **DENIED AS MOOT**.

8.     The Clerk is **DIRECTED** to docket this Order in Case No. 15-60334 and Case No. 16-60284 and to **CLOSE** these cases.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, on this 25th day of October, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record